IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| HEIDI JURISCH,<br><br>               Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a<br>HOMEDICS, INC.; KROGER CO.,<br>d/b/a FRED MEYER; and WAL-MART<br>STORES, INC., d/b/a WAL-MART;<br><br>               Defendants. | Case No. 3AN-06-_____ Civil |

## COMPLAINT

COMES NOW plaintiff Heidi Jurisch, by and through her counsel, Law Offices of Howard J. Meyer, Jr., and alleges as follows.

### PARTIES AND JURISDICTION

1. Plaintiff, Heidi Jurisch, is and was at all times relevant here a resident of the State of Alaska, within the Third Judicial District.

2. Defendant FKA Distributing Co., is a Michigan Corporation, d/b/a Homedics, Inc. (hereinafter "Homedics"), which designs, manufactures, assembles, or otherwise does business in the State of Alaska, placing products into the stream of commerce where it is foreseeable that its products will be purchased and/or used in the State of Alaska.

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

3. Defendant Kroger Co., is an Ohio Corporation, d/b/a/ Fred Meyer (hereinafter "Fred Meyer"), which conducts business in the State of Alaska as a retail store placing products into the stream of commerce where it is foreseeable that its products will be purchased and/or used by consumers in the State of Alaska.

4. Defendant Wal-Mart Stores, Inc. is a Delaware Corporation d/b/a Wal-Mart (hereinafter "Wal-Mart"), with its home office in Bentonville, Arkansas, and which does business in the State of Alaska as a retail store placing products into the stream of commerce where it is foreseeable that its products will be purchased and/or used by consumers in the State of Alaska.

5. Jurisdiction and venue is proper since the complained of event occurred in Anchorage, Alaska.

## GENERAL ALLEGATIONS

6. On or about April 12, 2004, a fire broke out in plaintiff's home, located at 1603 Atkinson Drive, Anchorage, Alaska, causing extensive damage to both the structure and contents.

7. In addition to the extensive damage to both the structure and contents, as a result of the fire plaintiff further suffered emotional distress, inconvenience, and loss of income.

8. The cause of the fire was investigated by the Anchorage Fire Department, which after its investigation found:

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

Investigation showed that the fire began in the sw corner of the living room. It burned into the left rear corner of the couch then up the couch and wall across the ceiling.

Searching the area of origin found only one logical ignition source. Wireing [sic] from a decorative water fountain was found with all coating burned off and somewhat coiled in a bunch on the carpet at the seat of the area of origin. There no other electrical devices in that area. Occupants were not smokers and there were no signs of smoking in the home. There were candles nearby the fire scene but there were no signs of candles in the immediate area of the fire start.

"Arcing" or over heated wires best describes the heat source that caused the ignition. Failure of equipment or heat source caused the ignition. The material first ignited was carpeting. "Unspecified short-circuit arc" contributed to the ignition of the fire.

9. The decorative water fountain was specifically identified by the Anchorage Fire Department as an "EnviraScape Fountain, Rock Garden (WFL-Rock)." (hereinafter "water fountain"); which is manufactured by defendant Homedics.

10. In Christmas 2003 plaintiff was given the water fountain as a gift by a friend that had purchased it in November/December 2003 at either defendant Fred Meyer or defendant Wal-Mart.

### FIRST CAUSE OF ACTION
### STRICT LIABILITY

11. Plaintiff incorporates by reference paragraphs 1 through 10, above, as if fully stated herein.

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-_____ CIVIL
PAGE 3 OF 6

EXHIBIT __A__
PAGE __3__ OF __9__

12. Defendants Homedics and Fred Meyer or Wal-Mart design, manufacture, distribute and/or sell the water fountain expecting this product to reach consumers in the condition in which they are manufactured and sold and knowing, or with reason to know, that they will be used without inspection for defects.

13. At the time of the fire, plaintiff was using the water fountain as it was intended to be used.

14. At the time of its manufacture and sale, the water fountain was not fit for its intended use and therefore was defective and unreasonably dangerous because it was prone to starting a fire for which defendants Homedics and Fred Meyer or Wal-Mart are strictly liable.

15. As a direct and proximate result of the defective condition of the water fountain, plaintiff suffered damages as set forth above, the full extent of which shall be determined at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

16. Plaintiff incorporates by reference paragraphs 1 through 15, above, as if fully stated herein.

17. Defendant Homedics, as the manufacturer of the water fountain was required to use reasonable care in the designing and assembly of its product.

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-_____ CIVIL
PAGE 4 OF 6

EXHIBIT A
PAGE 4 OF 9

18. Defendant Homedics breached its duty to plaintiff in designing and assembling the water fountain in that it was capable of igniting.

19. As a direct and proximate result of defendant Homedics failure to exercise reasonable care in the manufacture and assembly of the water fountain, plaintiff suffered damages as set forth above, the full extent of which shall be determined at trial.

### THIRD CAUSE OF ACTION
### BREACH OF WARRANTY

20. Plaintiff incorporates by reference paragraphs 1 through 19, above, as if fully stated herein.

21. Defendant Homedics claims to stand by its products; that each one is created with the highest quality components and is quality crafted for years of dependable use; and that every product is backed by a warranty.

22. Defendant Homedics and defendants Fred Meyer and/or Wal-Mart impliedly warrant that the water fountain would be functional.

23. Defendant Homedics and defendants Fred Meyer and/or Wal-Mart were aware that plaintiff was relying on them to provide a product for use as a decorative fountain in the home, thereby impliedly warranting that the water fountain would in fact be suitable for plaintiff's purposes.

24. As a direct and proximate result of defendant Homedics breach of its express and implied warranties of merchantability and fitness for a particular purpose,

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-_____ CIVIL
PAGE 5 OF 6

EXHIBIT _A_
PAGE _5_ OF _9_



plaintiff suffered damages as set forth above, the full extent of which shall be determined at trial.

Wherefore, plaintiff Heidi Jurisch prays for judgment against defendant(s), the combined amount of which is in excess of $100,000, as follows:

1. for an award for all structural damage to her home caused by the fire, in an amount to be determined at trial;

2. for an award for all contents damages and/or destroyed by the fire, in an amount to be determined at trial;

3. for an award for the emotional distress, inconvenience and loss of income caused by the fire, in an amount to be determined at trial;

4. for costs, prejudgment interest, and Rule 82 attorney's fees, in an amount to be determined; and

5. for such other equitable relief as the court deems just and reasonable.

DATED at this 17th day of March, 2006, at Anchorage, Alaska.

Law Offices of Howard J. Meyer, Jr., P.C.
Attorneys for Plaintiff Heidi Jurisch

By: _____
Howard J. Meyer, Jr.
Alaska Bar No. 8806136

2002.004\Pld\Complaint

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-_____ CIVIL
PAGE 6 OF 6

EXHIBIT A
PAGE 6 OF 9

_Heidi Jurisch_ _____ )
                Plaintiff(s),  )
                                )
vs.                             )
                                )
_FKA Distributing Co.;_         )
_Kroger Co.; and_               )
_Wal-Mart Stores, Inc._         )  CASE NO. 3AN-06-_6157_ _CI_
_____ Defendant(s).   )
                                )          SUMMONS
                                )            AND
                                   NOTICE TO BOTH PARTIES
                                   OF JUDICIAL ASSIGNMENT

To Defendant: _FKA Distributing Co. d/b/a Homedics, Inc._

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, _Howard J. Meyer, Jr._, whose address is: _P.O. Box 100119, Anchorage, AK 99510_.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[✓] This case has been assigned to Superior Court Judge _McKay_
    and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

_3/17/06_                           By: _K. Snell_
  Date                                    Deputy Clerk

I certify that on _3/17/06_ a copy of this Summons was [ ] mailed [✓] given to
[ ] plaintiff [✓] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order   [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _KS_

EXHIBIT _A_
PAGE _7_ OF _9_

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (9/02)(st.3)                          Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

```
Heidi Jurisch
_____
         Plaintiff(s),
vs.
FKA Distributing Co.;
Kroger Co.; and
Wal-Mart Stores, Inc.
_____
         Defendant(s).
```

CASE NO. 3AN-06-6157 C

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: Wal-Mart Stores, Inc, d/b/a Wal-Mart

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, Howard J. Meyer, Jr., whose address is: P.O. Box 100119, Anchorage, AK 99510.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[✓] This case has been assigned to Superior Court Judge  McKay
    and Master _____

[ ] This case has been assigned to District Court Judge _____

CLERK OF COURT

Date: 3/17/06                    By: K. _____ Deputy Clerk

I certify that on 3/17/06 a copy of this Summons was [ ] mailed [✓] given to
[ ] plaintiff [✓] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order  [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

EXHIBIT  A
PAGE  8  OF  9

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (9/02)(st.3)
SUMMONS                                      Civil Rules 4, 5, 12, 42(c), 55

_Heidi Jurisch_ Plaintiff(s),

vs.

_FKA Distributing Co.;_
_Kroger Co.; and_
_Wal-Mart Stores, Inc._ Defendant(s).

CASE NO. 3AN-06- _6157 C_

SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT

To Defendant: _Kroger Co. d/b/a Fred Meyer_

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, _Howard J. Meyer Jr._, whose address is: _P.O. Box 100119, Anchorage, AK 99510_

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[✓] This case has been assigned to Superior Court Judge _McKay_
and Master _____.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

_3/17/06_
Date

By: _K. _____
Deputy Clerk

I certify that on _3/17/06_ a copy of this Summons was [ ] mailed [✓] given to
[ ] plaintiff [✓] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order   [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _KS_

EXHIBIT _A_
PAGE _9_ OF _9_

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 ANCH (9/02)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55