IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

HEIDI JURISCH,

    Plaintiff,

vs.

FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;

    Defendants.

Case No. 3AN-06-6157 Civil

## FIRST AMENDED COMPLAINT

COMES NOW plaintiff Heidi Jurisch, by and through her counsel, Law Offices of Howard J. Meyer, Jr., and for her First Amended Complaint alleges as follows.

### PARTIES AND JURISDICTION

1. Plaintiff, Heidi Jurisch, is and was at all times relevant here a resident of the State of Alaska, within the Third Judicial District.

2. Defendant FKA Distributing Co., is a Michigan Corporation, d/b/a Homedics, Inc. (hereinafter "Homedics"), which designs, manufactures, assembles, or otherwise does business in the State of Alaska, placing products into the stream of commerce where it is foreseeable that its products will be purchased and/or used in the State of Alaska.

FIRST AMENDED COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-6157 CIVIL
PAGE 1 OF 6

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

EXHIBIT _B_
PAGE _1_ OF ___

3. Defendant Kroger Co., an Ohio Corporation d/b/a/ Fred Meyer, and/or Fred Meyer Stores, Inc. (hereinafter collectively referred to as "Fred Meyer"), conducts business in the State of Alaska as a retail store placing products into the stream of commerce where it is foreseeable that its products will be purchased and/or used by consumers in the State of Alaska.

4. Defendant Wal-Mart Stores, Inc. is a Delaware Corporation d/b/a Wal-Mart (hereinafter "Wal-Mart"), with its home office in Bentonville, Arkansas, and which does business in the State of Alaska as a retail store placing products into the stream of commerce where it is foreseeable that its products will be purchased and/or used by consumers in the State of Alaska.

5. Jurisdiction and venue is proper since the complained of event occurred in Anchorage, Alaska.

## GENERAL ALLEGATIONS

6. On or about April 12, 2004, a fire broke out in plaintiff's home, located at 1603 Atkinson Drive, Anchorage, Alaska, causing extensive damage to both the structure and contents.

7. In addition to the extensive damage to both the structure and contents, as a result of the fire plaintiff further suffered emotional distress, inconvenience, and loss of income.

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

FIRST AMENDED COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-6157 CIVIL
PAGE 2 OF 6

EXHIBIT B
PAGE 2 OF ____

8. The cause of the fire was investigated by the Anchorage Fire Department, which after its investigation found:

> Investigation showed that the fire began in the sw corner of the living room. It burned into the left rear corner of the couch then up the couch and wall across the ceiling.
>
> Searching the area of origin found only one logical ignition source. Wireing [sic] from a decorative water fountain was found with all coating burned off and somewhat coiled in a bunch on the carpet at the seat of the area of origin. There no other electrical devices in that area. Occupants were not smokers and there were no signs of smoking in the home. There were candles nearby the fire scene but there were no signs of candles in the immediate area of the fire start.
>
> "Arcing" or over heated wires best describes the heat source that caused the ignition. Failure of equipment or heat source caused the ignition. The material first ignited was carpeting. "Unspecified short-circuit arc" contributed to the ignition of the fire.

9. The decorative water fountain was specifically identified by the Anchorage Fire Department as an "EnviraScape Fountain, Rock Garden (WFL-Rock)." (hereinafter "water fountain"); which is manufactured by defendant Homedics.

10. In Christmas 2003 plaintiff was given the water fountain as a gift by a friend that had purchased it in November/December 2003 at either defendant Fred Meyer or defendant Wal-Mart.

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

FIRST AMENDED COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-6157 CIVIL
PAGE 3 OF 6

EXHIBIT B
PAGE 3 OF ___

## FIRST CAUSE OF ACTION
## STRICT LIABILITY

11. Plaintiff incorporates by reference paragraphs 1 through 10, above, as if fully stated herein.

12. Defendants Homedics and Fred Meyer or Wal-Mart design, manufacture, distribute and/or sell the water fountain expecting this product to reach consumers in the condition in which they are manufactured and sold and knowing, or with reason to know, that they will be used without inspection for defects.

13. At the time of the fire, plaintiff was using the water fountain as it was intended to be used.

14. At the time of its manufacture and sale, the water fountain was not fit for its intended use and therefore was defective and unreasonably dangerous because it was prone to starting a fire for which defendants Homedics and Fred Meyer or Wal-Mart are strictly liable.

15. As a direct and proximate result of the defective condition of the water fountain, plaintiff suffered damages as set forth above, the full extent of which shall be determined at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

16. Plaintiff incorporates by reference paragraphs 1 through 15, above, as if fully stated herein.

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

17. Defendant Homedics, as the manufacturer of the water fountain was required to use reasonable care in the designing and assembly of its product.

18. Defendant Homedics breached its duty to plaintiff in designing and assembling the water fountain in that it was capable of igniting.

19. As a direct and proximate result of defendant Homedics failure to exercise reasonable care in the manufacture and assembly of the water fountain, plaintiff suffered damages as set forth above, the full extent of which shall be determined at trial.

## THIRD CAUSE OF ACTION
## BREACH OF WARRANTY

20. Plaintiff incorporates by reference paragraphs 1 through 19, above, as if fully stated herein.

21. Defendant Homedics claims to stand by its products; that each one is created with the highest quality components and is quality crafted for years of dependable use; and that every product is backed by a warranty.

22. Defendant Homedics and defendants Fred Meyer and/or Wal-Mart impliedly warrant that the water fountain would be functional.

23. Defendant Homedics and defendants Fred Meyer and/or Wal-Mart were aware that plaintiff was relying on them to provide a product for use as a decorative fountain in the home, thereby impliedly warranting that the water fountain would in fact be suitable for plaintiff's purposes.

FIRST AMENDED COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-6157 CIVIL
PAGE 5 OF 6

EXHIBIT B
PAGE 5 OF ____

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153

24. As a direct and proximate result of defendant Homedics breach of its express and implied warranties of merchantability and fitness for a particular purpose, plaintiff suffered damages as set forth above, the full extent of which shall be determined at trial.

Wherefore, plaintiff Heidi Jurisch prays for judgment against defendant(s), the combined amount of which is in excess of $100,000, as follows:

1. for an award for all structural damage to her home caused by the fire, in an amount to be determined at trial;

2. for an award for all contents damages and/or destroyed by the fire, in an amount to be determined at trial;

3. for an award for the emotional distress, inconvenience and loss of income caused by the fire, in an amount to be determined at trial;

4. for costs, prejudgment interest, and Rule 82 attorney's fees, in an amount to be determined; and

5. for such other equitable relief as the court deems just and reasonable.

DATED at this 11th day of March, 2006, at Anchorage, Alaska.

Law Offices of Howard J. Meyer, Jr., P.C.
Attorneys for Plaintiff Heidi Jurisch

By: _____
Howard J. Meyer, Jr.
Alaska Bar No. 8806136

2002.004\Pld\Complaint

FIRST AMENDED COMPLAINT
JURISCH V. FKA DISTRIBUTING CO., ET AL, CASE NO. 3AN-06-6157 CIVIL
PAGE 6 OF 6

EXHIBIT B
PAGE 6 OF ___

LAW OFFICES OF HOWARD J. MEYER, JR.
P.O. Box 100119
Anchorage, Alaska 99510-0119
Phone 907-276-5153