Kenneth M. Gutsch, ASBA 8811186
Richmond & Quinn, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953
E-mail:  kgutsch@richmondquinn.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| HEIDI JURISCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FKA DISTRIBUTING CO., d/b/a ) | |
| HOMEDICS, INC.; KROGER CO., ) | |
| d/b/a FRED MEYER and/or FRED ) | Case No. 3:06-cv-00127 |
| MEYER STORES, INC.; and WAL- | (TMB) |
| MART STORES, INC., d/b/a WAL- | |
| MART, | |
| | |
| Defendants. | |

_____


**ANSWER TO COMPLAINT**

COME NOW defendants FKA DISTRIBUTING CO., d/b/a HOMEDICS,

INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES,

INC.; and WAL-MART STORES, INC., d/b/a WAL-MART ("Defendants")

by and through their attorneys, Richmond & Quinn, and hereby

answer plaintiff's first amended complaint as follows:

1.   With regard to paragraph 1 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegations therein and therefore deny the same.

2.   With regard to paragraph 2 of plaintiff's complaint, defendant FKA Distributing Co. d/b/a Homedics, Inc., admits that it is a Michigan corporation doing business as HoMedics, Inc., denies that it does business in the State of Alaska. Defendant denies the remaining allegations in paragraph 2.

3.   With regard to paragraph 3 of plaintiff's complaint, defendant Kroger Co., admits that it is an Ohio Corporation. However Kroger Co. is a separate legal entity from Fred Meyer Stores, Inc. and does not conduct business in the State of Alaska.  Accordingly, the State of Alaska may not assert personal jurisdiction over Kroger Co.  Kroger Co. does not conduct business in Alaska as Fred Meyer.  Defendant Fred Meyer Stores, Inc. admits that it is an Ohio Corporation and that it conducts business in the State of Alaska.  Defendants deny the remaining allegations in paragraph 3.

4.   With regard to paragraph 4 of plaintiff's complaint, Defendant Wal-Mart Stores, Inc. admits that it is a Delaware Corporation d/b/a/ Wal-Mart with its home office in

Bentonville, Arkansas, and that it does business in the State of Alaska as a retail store.

5.    With regard to paragraph 5 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegations therein and therefore deny the same.

6.    With regard to paragraph 6 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegation therein and therefore deny the same.

7.    With regard to paragraph 7 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegation therein and therefore deny the same.

8.    With regard to paragraph 8 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegations therein and therefore deny the same.

9.    With regard to paragraph 9 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegation therein and therefore deny the same.

10.    With regard to paragraph 10 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegation therein and therefore deny the same.

ANSWER TO COMPLAINT
Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 3

### First Cause of Action
### Strict Liability

11.  With regard to paragraph 11 of plaintiff's complaint, defendants incorporate by reference their responses to paragraphs 1 through 10.

12.  With regard to paragraph 12 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegation therein and therefore deny the same.

13.  With regard to paragraph 13 of plaintiff's complaint, defendants have insufficient information to either admit or deny the allegation therein and therefore deny the same.

14.  With regard to paragraph 14 of plaintiff's complaint, defendants deny the allegations contained therein.

15.  With regard to paragraph 15 of plaintiff's complaint, defendants deny the allegations contained therein.

### Second Cause of Action
### Negligence

16.  With regard to paragraph 16 of plaintiff's complaint, defendants incorporate by reference their responses to paragraphs 1 through 15.

ANSWER TO COMPLAINT

Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 4

17. With regard to paragraph 17 of plaintiff's complaint, defendants admit that they were required to use reasonable care, but deny that they designed or assembled the product.

18. With regard to paragraph 18 of plaintiff's complaint, defendants deny the allegations contained therein.

19. With regard to paragraph 19 of plaintiff's complaint, defendants deny the allegations contained therein.

## Third Cause of Action
## Breach of Warranty

20. With regard to paragraph 20 of plaintiff's complaint, defendants incorporate by reference their responses to paragraphs 1 through 19.

21. With regard to paragraph 21 of plaintiff's complaint, defendant HoMedics, Inc. admits the allegations. The remaining defendants have insufficient information to either admit or deny the allegations and therefore deny the same.

22. With regard to paragraph 22 of plaintiff's complaint, Homedics, Inc. admits that there was an implied warranty that the water fountain would operate as a water fountain. The remaining defendants have insufficient

ANSWER TO COMPLAINT

Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 5

information to either admit or deny the allegations and therefore deny the same.

23.  With regard to paragraph 23 of plaintiff's complaint, defendants deny the allegations contained therein.

24.  With regard to paragraph 24 of plaintiff's complaint, defendants deny the allegations contained therein.

### AFFIRMATIVE DEFENSES

By way of further answer, and by way of affirmative defenses, answering defendants allege as follows:

### First Affirmative Defense

Plaintiff's damages, if any, were caused by conditions for which, or by persons for whom, answering defendants are not liable.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted from plaintiff's own negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of superseding and/or intervening cause.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted from alteration, misuse and/or abuse of the product following delivery.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused or aggravated by negligent and/or intentional acts of persons for whom answering defendants are not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted from her own fault. As such, answering defendants invoke their right under A.S. 09.17.080 to have the jury apportion and allocate fault to plaintiff, as well as all other parties and plaintiff's employer.

## EIGHTH AFFIRMATIVE DEFENSE

Alaska cannot assert personal jurisdiction over Kroger, Co.

Answering defendants reserve the right to assert further affirmative defenses, to allege any counter-claims, cross-claims, or third-party claims that may become available through further discovery.

WHEREFORE, answering defendants, having answered plaintiff's First Amended Complaint, pray:

1.   That plaintiff's claims against them are dismissed with prejudice;

2.  That they be awarded their actual costs and attorney's fees incurred in defending this action;

3.   That fault be apportioned pursuant to Alaska Statues 09.17.080 and 09.17.900; and

4.   For such other and further relief as this court deems just and equitable.

Dated this 14th day of June, 2006, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant
FKA DISTRIBUTING CO. d/b/a
HOMEDICS, INC.


s/Kenneth M. Gutsch
By: _____
Kenneth M. Gutsch
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
kgutsch@richmondquinn.com
Alaska Bar No. 8811186


ANSWER TO COMPLAINT

Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 14th day of June, 2006, to:

Howard J. Meyer, Jr., P.C.
Walther & Flanigan
1029 W. 3rd Ave, Suite 250
Anchorage, AK 99501


s/Kenneth M. Gutsch
_____
        RICHMOND & QUINN

2222\001\Pld\Answer

ANSWER TO COMPLAINT

Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 9

Kenneth M. Gutsch, ASBA 8811186
Richmond & Quinn, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953
E-mail:  kgutsch@richmondquinn.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HEIDI JURISCH,                        )
                                      )
                    Plaintiff,        )
                                      )
        v.                            )
                                      )
FKA DISTRIBUTING CO., d/b/a           )
HOMEDICS, INC.; KROGER CO.,           )
d/b/a FRED MEYER and/or FRED          )  Case No. 3:06-cv-00127
MEYER STORES, INC.; and WAL-             (TMB)
MART STORES, INC., d/b/a WAL-
MART,

                    Defendants.

_____

## DEMAND FOR TRIAL BY JURY

        COME NOW defendants, FKA Distributing Co., d/b/a

Homedics, Inc.; Kroger Co., d/b/a Fred Meyer and/or Fred Meyer

Stores, Inc.; and Wal-Mart Stores, Inc., d/b/a Wal-Mart, by

ANSWER TO COMPLAINT
Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 10

and through counsel, RICHMOND & QUINN, and hereby demand a

trial by jury in this action regarding each issue so triable.


        Dated this 14th day of June, 2006, at Anchorage, Alaska.

                          RICHMOND & QUINN
                          Attorneys for Defendant
                          FKA DISTRIBUTING CO. d/b/a
                          HOMEDICS, INC.


                          s/Kenneth M. Gutsch
                  By:   _____
                          Kenneth M. Gutsch
                          RICHMOND & QUINN
                          360 K Street, Suite 200
                          Anchorage, AK 99501
                          Ph: (907) 276-5727
                          Fax: (907) 276-2953
                          kgutsch@richmondquinn.com
                          Alaska Bar No. 8811186

        **CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a true and
correct copy of the foregoing
was mailed this 14th day of
June, 2006, to:

Howard J. Meyer, Jr., P.C.
Walther & Flanigan
1029 W. 3rd Ave, Suite 250
Anchorage, AK 99501

s/Kenneth M. Gutsch
_____
     RICHMOND & QUINN
2222\001\Pld\Demand for Trial by Jury

ANSWER TO COMPLAINT

Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 11