Exhibit I

Howard J. Meyer, Jr.
Walther & Flainigan
1029 West 3rd Ave., Suite 250
Anchorage, AK 99501
Phone: (907) 279-9999
Fax: (907) 258-3804
E-Mail hmeyer@waltherflanigan.com

RECEIVED
OCT 20 2006
HD 2:00
RICHMOND & QUINN

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>              Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>              Defendants. | Case No. 306-CV-00127 (TMB) |

## PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF

COMES NOW plaintiff, Heidi Jurisch, by and through her counsel, Walther & Flanigan, and in response to defendants' Second Set of Discovery Requests to Plaintiff, states as follows.

INTERROGATORY NO. 1: Please state the date on which you first consulted with counsel in connection with this case, and identify the name of said counsel.

RESPONSE: Objection. Out of an abundance of caution to make sure there is no waiver, this interrogatory is objected to on the basis that it seeks information protected by the attorney-client privilege. In addition, this interrogatory is objected to on the basis that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of relevant admissible evidence on the issues now in this case which are: (1) whether the subject fountain caused the fire; and if so, (2) the amount of plaintiff's damages caused from the fire. By way of further response to this interrogatory, and without waiver of objections or privilege, it was a couple weeks after the fire when plaintiff first consulted with an attorney to assist with the handling of her claim with her insurer State Farm.

INTERROGATORY NO. 2: Please state the date when you became aware that the fountain was suspected as having started the fire.

RESPONSE: To the best of plaintiff's recollection it was on the day of the fire.

INTERROGATORY NO. 3: Please specify the part(s) of the fountain which you allege to have failed, and state how you allege the failure(s) occurred.

RESPONSE: Objection. Plaintiff has not alleged that any specific part(s) of the fountain failed. Rather, it is plaintiff's position that the fountain as a unit failed. The fountain was a present given to plaintiff for Christmas in 2003. It was in a box with what she recalls was an unbroken seal that appeared to have been placed on the box wherever the

PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 2 OF 9

fountain was boxed. Plaintiff is not really familiar with any parts of the fountain as it had only limited need for assembly according to the instructions that were enclosed with the fountain. That assembly basically involved placement of several slate (or slate-like) platforms and rocks; however, it did not include any assembly of any electrical device(s) or wiring as the same were already assembled.

It is also plaintiff's contention that as a member of the consuming public to whom the fountain is claimed to be "the finest product of its kind," it was reasonable for her to expect only the promised "years of dependable service," and promotion of "relaxation" through the fountain's "all-encompassing environment with sound" from the flowing water – not a fire in her home after a few brief months of use.

Plaintiff, who is not an expert on Homedics' fountain design, manufacture or assembly, by necessity must rely upon experts, including Captain Southwick of the Anchorage Fire Department, to determine the cause of her home fire. After a search of plaintiff's home in the area where the fire started as determined by Captain Southwick, he found "only one logical ignition source," and that was the subject fountain. Captain Southwick then took possession of the subject fountain, and upon further inspection his notes reflect he found reference to it being a Homedics product – and this is confirmed with the Instruction Manual and Warranty Information that plaintiff found to accompany the fountain which makes clear it was an "EnviraScape Homedics' tabletop relaxation fountain." Plaintiff

1029 West 3rd Ave, Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

reserves the right to supplement her response to this Interrogatory through the course of discovery.

INTERROGATORY NO. 4: If you allege that the fountain was defective, please state the nature of the defect that you are alleging.

RESPONSE: The nature of the defect that plaintiff alleges is that Homedics tabletop relaxation fountain, such as the one at issue, should not cause a fire when used by consumers; and that in the absence of a defect in the design, manufacture or assembly of the fountain (or one of its component parts) prior to being boxed, the fire would not have started in the corner of plaintiff's living room. Plaintiff reserves the right to supplement her response to this Interrogatory through the course of discovery.

REQUEST FOR PRODUCTION NO. 1: Please produce copies of all email and hard-copy correspondence with any experts regarding the determination of the cause of the subject fire.

RESPONSE: Objection. This request for production is objected to on the basis that it is overbroad, premature, and exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26. In further response to this request for production, and without waiver of objections, plaintiff will provide expert disclosures to the extent required under Federal Rule of Civil Procedure 26 according to the Court's Scheduling and Planning Order.

1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 4 OF 9

REQUEST FOR PRODUCTION NO. 2: Please produce copies of all email and hard-copy correspondence with any experts regarding any defects which you allege in the subject fountain.

RESPONSE: Objection. This request for production is objected to on the basis that it is overbroad, premature, and exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26. In further response to this request for production, and without waiver of objections, plaintiff will provide expert disclosures according to the Court's Scheduling and Planning Order, and to the extent required under Federal Rule of Civil Procedure 26 for those experts it intends to call to offer testimony at trial.

INTERROGATORY NO. 5: Please identify the store from which the subject fountain was purchased, the serial number or other numbers identifying the fountain, and provide the name, address, and telephone number of all witnesses to the purchase of the fountain.

RESPONSE: All information responsive to this interrogatory was previously provided to defendants as part of plaintiff's initial disclosures. Plaintiff understands that the subject fountain was sold by either defendant Wal-Mart or Fred Meyer, it was then given to plaintiff as a Christmas present in December 2003 by Christine King. See also Anchorage Fire Department Captain Southwick's handwritten notes previously provided to defendants as part of plaintiff's initial disclosures.

PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 5 OF 9

REQUEST FOR PRODUCTION NO. 3: Please produce copies of any and all warranty paperwork relating to the fountain.

RESPONSE: Documents responsive to this request for production were previously provided to defendants as part of plaintiff's initial disclosures.

INTERROGATORY NO. 6: If you allege that the product was defectively manufactured, please state all facts and evidence supporting your claim that the product was defectively manufactured.

RESPONSE: The fact upon which plaintiff relies is the fire that started in the southwest corner of the living room of her home, which after a search by the Anchorage Fire Department, had "only one logical ignition source" that was found to be the subject Homedics fountain. In the absence of the fountain (or one of its component parts) having been defectively designed, manufactured, and/or assembled prior to its being boxed, a fire would not have occurred. Evidence in support of this fact is the fire itself; photographs of the plaintiff's home taken after the fire by the Anchorage Fire Department; the Anchorage Fire Department's Incident Report dated 4/19/02; the handwritten notes and letter written by Anchorage Fire Department Captain Southwick; and photographs of the interior of plaintiff's home taken shortly after the fire by State Farm Insurance. Plaintiff reserves the right to supplement her response to this Interrogatory through the course of discovery.

1029 West 3rd Ave, Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 6 OF 9

INTERROGATORY NO. 7: If you allege that the product was defectively designed, please state all facts and evidence supporting your claim that the product was defectively designed.

RESPONSE: See plaintiff's response to Interrogatory No. 6, above.

DATED as to objections this 20th day of October, 2006, at Anchorage, Alaska.

WALTHER & FLANIGAN
Attorneys for Plaintiff Heidi Jurisch

By: _____
Howard J. Meyer, Jr.
ABA # 8806136

1029 West 3rd Ave, Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 7 OF 9

## INTERROGATORY VERIFICATION

STATE OF ALASKA              )
                             ) ss:
THIRD JUDICIAL DISTRICT      )

      I, Heidi Jurisch, on oath do verify and certify that I have read the foregoing answers to interrogatories and that the same are true and correct to the best of my knowledge.

_____
Heidi Jurisch

      SUBSCRIBED AND SWORN to before me this _____ day of October, 2006.

_____
Notary Public In and For Alaska
My Commission Expires: _____

1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 8 OF 9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of PLAINTIFF'S RESPONSE TO SECOND SET OF DISCOVERY REQUESTS TO PLAINTIFF was served by hand this 20th day of October, 2006, on:

Ken Gutsch, Esq.
Richmond & Quinn
360 K Street, Suite 250
Anchorage, AK 99501

WALTHER & FLANIGAN

4649/Disc/Disc02Rsp

1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804