Exhibit P

Howard J. Meyer, Jr.
Walther & Flainigan
1029 West 3rd Ave., Suite 250
Anchorage, AK 99501
Phone: (907) 279-9999
Fax: (907) 258-3804
E-Mail hmeyer@waltherflanigan.com

RECEIVED
DEC 0 5 2006
RICHMOND & QUINN

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>    Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>    Defendants. | Case No. 306-CV-00127 (TMB) |

## PLAINTIFF'S RESPONSE TO THIRD SET OF DISCOVERY REQUESTS TO PLAINTIFF

COMES NOW plaintiff, Heidi Jurisch, by and through her counsel, Walther & Flanigan, and in response to defendants' Third Set of Discovery Requests to Plaintiff, states as follows.

PLAINTIFF'S RESPONSE TO THIRD SET OF DISCOVERY REQUESTS TO
PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 1 OF 6

REQUEST FOR PRODUCTION NO.1: Please produce copies of all photos of the subject house (interior and exterior) prior to the subject fire.

RESPONSE: All documents responsive to this request for production were destroyed in the subject fire that the only logical causal source the Anchorage Fire Department could not rule out was the fountain manufactured, assembled and/or sold by defendants.

REQUEST FOR ADMISSION NO. 1: Please admit that the plaintiff is not claiming any of the damages paid by State Farm.

RESPONSE: Objection. This request for admission is objected to on the basis that it is vague and confusing. In further response to this request for admission, and without waiver of objection, State Farm paid for only a portion of the plaintiff's real and personal property damaged and/or destroyed in the fire. Plaintiff is seeking the total cost of real and personal property damaged and/or destroyed in the fire, minus only those sums reasonably paid by State Farm (e.g., plaintiff seeks to recover the costs of attempted cleaning of destroyed items which State Farm deducted from plaintiff's insurance coverage).

INTERROGATORY NO. 1: Please itemize all expenses paid by State Farm.

RESPONSE: Objection. This interrogatory is objected to on the basis that information responsive to this Interrogatory is in the exclusive possession, custody, and/or control of State Farm.

PLAINTIFF'S RESPONSE TO THIRD SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 2 OF 6

INTERROGATORY NO. 2: Please itemize all damages paid by State Farm, which plaintiff claims as part of her damages case.

RESPONSE: Objection. This interrogatory is objected to on the basis that it is vague and confusing. In further response to this interrogatory, and without waiver of objection, see: plaintiff's responses to Request for Admission No. 1 and Interrogatory No. 1, above; and plaintiff's prior disclosures.

INTERROGATORY NO. 3: Please itemize all damages which plaintiff claims were not paid by State Farm.

RESPONSE: Objection. This interrogatory is objected to on the basis that it is vague and confusing. In further response to this interrogatory, and without waiver of objection, see: plaintiff's responses to Request for Admission No. 1 and Interrogatory No. 1, above; and plaintiff's prior disclosures.

INTERROGATORY NO. 4: Please identify and itemize any and all expenses that State Farm refused to pay and explain the basis for State Farm's denial of payment for each item.

RESPONSE: Objection. These two interrogatories are objected to on the basis that they are vague, confusing, and seeks information that is not within the possession, custody and/or control of plaintiff. In further response to these two interrogatories, and without waiver of objection, see: plaintiff's responses to Request for Admission No. 1 and Interrogatory No. 1, above; and plaintiff's prior disclosures. In addition, defendants will

need to depose State Farm to ascertain why it denied payment, if in fact it did, on any particular items of loss.

INTERROGATORY NO. 5: Please identify all expenses that were incurred because of the upgrades made to the house.

RESPONSE: Objection. This interrogatory is objected to on the basis that it is vague and confusing. In further response to this interrogatory, and without waiver of object, see plaintiff's deposition where plaintiff details her position on "upgrades."

DATED as to objections this 4th day of December, 2006, at Anchorage, Alaska.

        WALTHER & FLANIGAN
        Attorneys for Plaintiff Heidi Jurisch

        By: _____
        Howard J. Meyer, Jr.
        ABA # 8806136

1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S RESPONSE TO THIRD SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 4 OF 6

## INTERROGATORY VERIFICATION

STATE OF ALASKA            )
                           ) ss:
THIRD JUDICIAL DISTRICT    )

      I, Heidi Jurisch, on oath do verify and certify that I have read the foregoing answers to interrogatories and that the same are true and correct to the best of my knowledge.

_____
Heidi Jurisch

      SUBSCRIBED AND SWORN to before me this _____ day of December, 2006.

_____
Notary Public In and For Alaska
My Commission Expires: _____

PLAINTIFF'S RESPONSE TO THIRD SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 5 OF 6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of PLAINTIFF'S RESPONSE TO THIRD SET OF DISCOVERY REQUESTS TO PLAINTIFF was served by ~~hand~~ this 4 day of December, 2006, on: Mail

Ken Gutsch, Esq.
Richmond & Quinn
360 K Street, Suite 250
Anchorage, AK 99501

WALTHER & FLANIGAN

4649/Disc/Disc03Rsp

PLAINTIFF'S RESPONSE TO THIRD SET OF DISCOVERY REQUESTS TO PLAINTIFF
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 6 OF 6