Howard J. Meyer, Jr.
Walther & Flainigan
1029 West 3rd Ave., Suite 250
Anchorage, AK 99501
Phone: (907) 279-9999
Fax: (907) 258-3804
E-Mail hmeyer@waltherflanigan.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>               Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>               Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 306-CV-00127 (TMB) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR FRCP 56(f) EXTENSION**

       A more complete chronology of events and litigation discovery in this matter is set forth in Plaintiff's Motion to Compel Responses to Plaintiff's First Discovery Requests to Defendants which is pending before this court. To summarize,, this lawsuit arises out of a home fire that occurred on April 12, 2004. According to the incident report of Robert E.

Southwick, the Captain with the Anchorage Fire Department (AFD) who with approximately 27 years experience working with fires including several working as a firefighter and was in charge of the response to the fire including the subsequent investigation as to the cause and origin of the fire:

> Investigation showed that the fire began in the sw corner of the living room. It burned into the left rear corner of the couch then up the couch and wall across the ceiling.
>
> Searching the area of origin found <u>only one logical ignition source</u>. Wireing [sic] from a decorative water fountain was found with all coating burned off and somewhat coiled in a bunch on the carpet at the seat of the area of origin. <u>There no other electrical devices in that area. Occupants were not smokers and there were no signs of smoking in the home. There were candles nearby the fire scene but there were no signs of candles in the immediate area of the fire start</u>.
>
> "Arcing" or over heated wires best describes the heat source that caused the ignition. Failure of equipment or heat source caused the ignition. The material first ignited was carpeting. "Unspecified short-circuit arc" contributed to the ignition of the fire.

Captain Southwick further determined that the subject fountain was one that had been manufactured by Homedics. Defendants have also now admitted that the ostensible manufacturer of the fountain is Homedics as evidenced by an affidavit of Christine King which defendants' have submitted in support of dismissing two of the four defendants, defendants Kroger and Fred Meyer. <u>See</u> [Defendants'] Supplemental Motion for Summary

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska  99501
Phone 907-279-9999
Fax 907-258-3804

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FRCP 56(f) EXTENSION
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 2 OF 4

Judgment at Exhibit B. Defendants' have now also admitted defendant Wal-Mart was the seller of the defective fountain. Id.

In early September 2006 the parties exchanged their respective Initial Disclosures. Due in part to what were believed to be woefully inadequate disclosures by the defense, plaintiff submitted a set of discovery requests to defendants. After the defense requested and was granted a couple of extensions, they responded with what amounts to a nothing but an array of irrelevant objections the intent of which was to impede plaintiff's discovery.

Defendants then moved for summary judgment, supported in part by an affidavit of John Glenn who is a purported fire cause and origin expert.

In order to have a meaningfully opportunity to respond to defendants' motion for summary judgment, it is necessary that plaintiff be allowed to conduct discovery, to include review of defendants' responses to the outstanding discovery which is the subject of plaintiff's pending Motion to Compel. See Affidavit of Howard J. Meyer, Jr. In Support Of Plaintiff's Motion For FRCP 56(F) Extension. After receipt of those responses, plaintiff will need to depose Mr. Glenn. Id. After then having the deposition of Mr. Glenn transcribed, plaintiff would likely have need to have her own fire cause and origin expert review the documents produced by defendants' in response to plaintiff's discovery requests and respond to Mr. Glenn's affidavit and deposition testimony. Id.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FRCP 56(f) EXTENSION
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 3 OF 4

Plaintiff's counsel believes he reasonably needs at least 45 days following defendants' production of the material that is subject to the pending motion to compel in which to depose Mr. Glenn, work with plaintiff's fire cause and origin expert, and file plaintiff's opposition to defendants' Motion for Summary Judgment. <u>Id</u>.

DATED this 29th day of December, 2006, at Anchorage, Alaska.

> WALTHER & FLANIGAN
> Attorneys for Plaintiff Heidi Jurisch
>
> s/ Howard J. Meyer, Jr.
> By:_____
> Howard J. Meyer, Jr.
> ABA # 8806136

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FRCP 56(f) EXTENSION was served by hand this 29th day of December, 2006, on:

> Ken Gutsch, Esq.
> Richmond & Quinn
> 360 K Street, Suite 250
> Anchorage, AK 99501

s/ Jessica Rasor
_____
WALTHER & FLANIGAN

4649/Pld/FRCP56(f)Memo

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FRCP 56(f) EXTENSION
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 4 OF 4