RECEIVED
JAN 03 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Howard J. Meyer, Jr.
Walther & Flaingan
1029 West 3rd Ave., Suite 250
Anchorage, AK 99501
Phone: (907) 279-9999
Fax: (907) 258-3804
E-Mail hmeyer@waltherflanigan.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>　　　　　　Defendants. | Case No. 306-CV-00127 (TMB) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL RESPONSES TO PLAINTIFF'S FIRST
DISCOVERY REQUESTS TO DEFENDANTS**

COMES NOW plaintiff, Heidi Jurisch, by and through her counsel, Walther & Flanigan, and in support of her motion to compel defendants' responses to Plaintiff's First Discovery Requests to Defendants dated October 20, 2006, states as follows.

This lawsuit arises out of a home fire that occurred on April 12, 2004. According to the incident report of Robert E. Southwick, the Captain with the Anchorage Fire Department (AFD) who with approximately 27 years experience working with fires including several working as a firefighter and was in charge of the response to the fire including the subsequent investigation as to the cause and origin of the fire:

> Investigation showed that the fire began in the sw corner of the living room. It burned into the left rear corner of the couch then up the couch and wall across the ceiling.
>
> Searching the area of origin found <u>only one logical ignition source</u>. Wireing [sic] from a decorative water fountain was found with all coating burned off and somewhat coiled in a bunch on the carpet at the seat of the area of origin. <u>There no other electrical devices in that area. Occupants were not smokers and there were no signs of smoking in the home. There were candles nearby the fire scene but there were no signs of candles in the immediate area of the fire start</u>.
>
> "Arcing" or over heated wires best describes the heat source that caused the ignition. Failure of equipment or heat source caused the ignition. The material first ignited was carpeting. "Unspecified short-circuit arc" contributed to the ignition of the fire.

Exhibit 1, AFD Incident Report at 3. See also, Exhibit 2, Deposition of Robert E. Southwick at pg 94, 100-101.[1] Captain Southwick further determined that the subject fountain was one

---

[1] Despite some earlier suggestion by defendants to the contrary, one of Captain Southwick's official job duties was to: "[d]etermine preliminary fire causes, identify points of origin, conduct on-scene interviews, and secure incident scenes. (NFPA 1021 2-5.1, 2-5.2)" Exhibit 3, Municipality of Anchorage Position Description (PD) for Fire Captain.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES
TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 2 OF 11

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

that had been manufactured by Homedics. Id. at 98. Defendants have also now admitted that the ostensible manufacturer of the fountain is Homedics as evidenced by an affidavit of Christine King which defendants' have submitted in support of dismissing two of the four defendants, defendants Kroger and Fred Meyer. See [Defendants'] Supplemental Motion for Summary Judgment at Exhibit B.

Based upon the uncontroverted evidence that the only "logical ignition source" of the fire was associated with a fountain which by all outward appearances of packaging and product literature to consumers appeared to have been manufactured by Homedics, plaintiff brought the instant claim naming Homedics as one of the defendants. Also named were a couple retailers, (i.e., defendants Kroger, Fred Meyer and Wal-Mart), one of whom had sold the fountain that was given to plaintiff as a Christmas gift in December 2003. Defendants' have now also admitted defendant Wal-Mart was the seller of the defective fountain. See [Defendants'] Supplemental Motion for Summary Judgment at Exhibit B.

In early September 2006, the parties exchanged their respective Initial Disclosures. Plaintiff provided the defense with several inches of documents, including but not limited to: (1) material from the AFD including photos taken by Captain Southwick, (2) correspondence with plaintiff's property insurer, State Farm; (3) a list of damaged and/or destroyed items that were in plaintiff's home at the time of the fire; (4) 100s of photos of the exterior and interior of plaintiff's home after the fire which showed some of the damage to the structure, damaged and/or destroyed items, and the repair of the home in the months

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

following the fire; (5) a videotape of the exterior and interior of plaintiff's home after the fire which showed some of the damage to the structure and damaged and/or destroyed items; (6) a videotape of plaintiff sorting through damaged and/or destroyed items; (7) a breakdown of time lost from work attending to matters associated with the fire; and (8) medical records that plaintiff attributes to the fire.

In contrast, defendants' disclosures were limited to about 1/8" of documents that included a Certificate of Insurance for Homedics, a Supplier Agreement between Homedics and Wal-Mart; some of the very same AFD documents that plaintiff provided to the defense; and a subpoena to the AFD Records Custodian for its complete file. Exhibit 4, Defendants' Initial Disclosures. Absolutely nothing was provided by the defense that relates to <u>any</u> fountain manufactured, assembled or otherwise sold by Homedics and/or the other defendants.

In part to address defendants' woefully incomplete disclosures, plaintiff propounded Plaintiff's First Discovery Requests to Defendants dated October 20, 2006, and therein asked for production of various documents related to the subject fountain and "similar products which were defined as:

> "Similar Products" refers to any and all other fountains or similar products that are manufactured, assembled, sold and/or otherwise distributed by FKA Distributing Co. d/b/a Homedics, Inc., including but not limited to the "Envirascape™ Garden Leaves Relaxation Fountain (Model Number WFL-GDN)," "Envirascape™ Shimmering Towers Illuminated Relaxation Fountain (Model Number WFL-CAN32)," "Envirascape™

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Eternal Rain (Model Number WFL-ETN)," "Envirascape™ Peaceful Rains (Model Number WFL-RAIN)," "Envirascape™ Rain Forest Soothing Color Fall (Model Number WRF-COL)," "Envirascape™ Relaxing Rains Rain ForestFountain (Model Number WRF-REL)," "Envirascape™ Rustic Illumination Lantern Relaxation Fountain (Model Number WFL-CANRUS)," "Envirascape™ Slate Falls Illuminated Relaxation Fountain (Model Number WFL-SLFA)," "Envirascape™ Slate Streams Illuminated Relaxation Fountain (Model Number WFL-SLST)," "Envirascape™ Soothing Rains Rain Forest Fountain (Model Number WRF-SOO)," "Envirascape™ Tranquil Rains Rain Forest Fountain (Model Number WRF-TRA)," "Envirascape™ Tuscany Illuminated Relaxation Fountain (Model Number WFL-TUSC)," and/or "Envirascape™ Zen Springs Relaxation Fountain (Model Number WF-ZEN)."

Exhibit 5. The plaintiff's reasoning for including these other products was that all appeared on Homedics earlier website and were technically near identical to the fountain at issue here with the only difference being the general outward visual appearance of the respective fountains. See Exhibit 6, Homedics 10/1/2006 Website Pages Listing Fountains, and Exhibit 7, Homedics 12/29/2006 Website Pages Listing Fountains and Envirascape™ Fountain Instruction Manuals.[2]

---

[2] A review of current product literature on Homedics' website indicates that three of the previously identified fountains are no longer listed: (1) "Envirascape™ Rain Forest Soothing Color Fall (Model Number WRF-COL)," (2) "Envirascape™ Soothing Rains Rain Forest Fountain (Model Number WRF-SOO)," and (3) "Envirascape™ Tranquil Rains Rain Forest Fountain (Model Number WRF-TRA)." Compare Exhibits 6, Homedics 10/1/2006 Website Pages Listing Fountains, and Exhibit 7, Homedics 12/29/2006 Website Pages Listing Fountains.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

To summarize the contours of plaintiff's discovery requests, she sought documents related to: (1) the design of the subject and similar fountains; (2) product literature on the subject and similar fountains; (3) lawsuits involving the subject and similar fountains; (4) communications between Homedics and any distributors of the subject and similar fountains; (5) videos and newsletters regarding the subject and similar fountains; (6) hazard warnings that accompanied the subject and similar fountains; (7) proposed changes in product literature for the subject and similar fountains; (8) field experience or knowledge of any fires allegedly caused by the subject and similar fountains; (9) decisions to print any of the warnings that accompanied the subject and similar fountains; (10) modifications, retrofits or warnings relating to previously sold subject and similar fountains; (11) virtues, qualities, or capacities of the subject and similar fountains; (12) defective conditions of the subject and similar fountains; (13) testing, performance, and potential of the subject and similar fountains; (14) communications to and from customers, vendors, end users, engineers, fire and building code authorities, or others regarding concerns associated with the subject and similar fountains; (16) patents related to the subject and similar fountains; (17) testing and/or approval of the subject and similar fountains by any testing or underwriting organization such as Underwriters Laboratories; (18) insurance polices applicable to this action; and (19) defendants' affirmative defenses which included an affirmative defense that somehow plaintiff's employer[3] was comparatively liable for the house fire. See Exhibit 5.

---

[3] At the time of the fire plaintiff is employed by the State of Alaska, Department of Health

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 6 OF 11

WALLIHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Near the time when defendants' responses were due, defense counsel requested and was granted a ten day extension. See Affidavit of Howard J. Meyer, Jr in Support of Plaintiff's Motion to Compel Responses to Plaintiff's First Discovery Requests to Defendants (hereinafter "Affidavit of Howard J. Meyer, Jr."). Following the granting of this extension, defense counsel sent over a 12 page proposed protective order. See Exhibit 8, Facsimile Transmittal Cover Sheet, with attached proposed Protective Order Governing Exchange of Information Deemed Confidential by the Parties.

When the parties' counsel discussed this proposed protective order, plaintiff's counsel advised of his reluctance to enter into such a protective order, and asked defense counsel to provide some indication which of plaintiff's pending discovery requests, if any, called for the production of proprietary or otherwise sensitive information. Affidavit of Howard J. Meyer, Jr. After defense counsel was unable to point to even one request seeking production of proprietary or otherwise sensitive information, plaintiff's counsel advised he would not have his client enter into a needless protective order. Id.

The defense requested and was granted another extension to respond to plaintiff's discovery. Affidavit of Howard J. Meyer, Jr. Then, on December 5, 2006, defendants responded to Plaintiff's First Discovery Requests to Defendants. Exhibit 9, Defendants' Answers to Plaintiff's First Discovery Requests to Defendants. Despite the extensions, the only documents that were produced were four pages of internet ads; three

---

and Social Services.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 7 OF 11

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

pages of K-Mart ads from November 2001, May 2002 and December 2002; and two virtually identical instruction manuals, one dated 2006 and one dated 2000, for the WFL-ROC and WFL-ROCK respectively. Id.

Moreover, instead of producing the requested materials, defendants instead asserted several general objections covering over two pages that included:

> 1. Defendants object to these document requests to the extent they seek production of documents which are the subject of attorney-client privilege and/or work product immunity. <u>Documents subject to attorney-client privilege and/or work product immunity generated prior to suit will be identified in a privilege log for exchange with plaintiff at a mutually agreeable date</u>.
>
> 3. Defendants preliminarily object to producing documents at the offices of Plaintiff's counsel. <u>Documents will be produced during normal business hours at the offices of Defendants' counsel or at various facilities where the responsive documents are normally kept</u>.
>
> 8. Defendants object to Plaintiff's requests to the extent they seek information or documents concerning any activities outside the United States.

Exhibit 9 at 1-3. (emphasis added)

Since then, defendants have provided no privilege log. Defendants have also not identified or made available any other documents at their joint counsel's office or any other facility where responsive documents are alleged to be normally kept. And as for the bizarre objection to providing information concerning activities outside the United States,

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 8 OF 11

perhaps this cryptic objection is partially explained by defendants' response to Request for Production No. 1, where defendants state:

> Defendants, including HoMedics, did not design the WFL-Rock, therefore no documents responsive to this request are specifically known to exist. However, in the interest of cooperating, HoMedics will identify the manufacturer once a suitable protective order is in place. In addition, HoMedics' Quality File for the WFL-ROCK will be produced in response to Document Request No. 22 below, which may be considered relative to the subject request.

Exhibit 9 at 4.

What makes all this even more curious is that Homedics' public website would have inquiring consumers understand that Homedics is the designer and manufacturer of its products, stating:

> Innovations for Better Health
> Since HoMedics was founded in 1987, we've developed an extensive line of personal wellness products that allow you to relax your body, renew your spirit and simplify your life.
>
> * * * * *
>
> The Quality You Demand
> We stand by our products. Each one is created with the highest quality components and is quality crafted for years of dependable use. And every product is backed by a warranty.

Exhibit 10, Homedics 12/28/2006 Website. This same deception is contained in the Instruction Manual that accompanied the subject fountain, where it provides:

> Thank you for purchasing EnviraScape, HoMedics' tabletop relaxation fountain. This, like the entire HoMedics product line,

>is built with high-quality craftsmanship to provide you years of dependable service.

Exhibit 11 at 2. Note surprising, all the other current Homedics Envirascape™ Instruction Manuals contain identical or near identical deceptive statements. See Exhibit 7.

Regarding defendants' purported claim that discovery involves confidential or proprietary information that might harm or disadvantage defendants, they have pointed to nothing of the sort when asked to do so, and should not now be heard to do so. The product is not even subject to any patents. See Exhibit 9 at 20, Response to Request for Production No. 31. Moreover, one look at the product evidences that under no stretch of imagination is it or any of its component parts an example of cutting edge technology. See Exhibit 12, Photographs taken of "Exemplar model of WFL-Rock fountain allegedly involved in fire" that defense counsel made available for inspection; and Exhibits 7 and 11.

In conclusion, defendants should be ordered to provide full and candid responses to Plaintiff's First Discovery Requests to Defendants, making production/inspection of all such requested documents, including documents related to similar products as defined in the discovery requests available at their defense counsel's office here in Anchorage, and that defendants should do so within ten (10) days of the court's order.

Finally, defendants should be ordered to reimburse plaintiff's counsel for his time spent having to file this motion, 8.5 hours at $200/hr. Affidavit of Howard J. Meyer, Jr.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 10 OF 11

DATED this 29th day of December, 2006, at Anchorage, Alaska.

WALTHER & FLANIGAN
Attorneys for Plaintiff Heidi Jurisch

/s Howard J. Meyer, Jr

By:_____
Howard J. Meyer, Jr.
ABA # 8806136

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS was served by hand this 29th day of December, 2006, on:

Ken Gutsch, Esq.
Richmond & Quinn
360 K Street, Suite 250
Anchorage, AK 99501

/s Jessica Rasor
_____
WALTHER & FLANIGAN

4649/Pld/CompelMotion

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 11 OF 11