Kenneth M. Gutsch, ASBA 8811186
Richmond & Quinn, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953
E-mail:  kgutsch@richmondquinn.com
Attorneys for Defendant

RECEIVED
SEP 08 2006
WALTHER & FLANIGAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

HEIDI JURISCH,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
FKA DISTRIBUTING CO., d/b/a　　　 )
HOMEDICS, INC.; KROGER CO.,　　　 )
d/b/a FRED MEYER and/or FRED　　　) Case No. 3:06-cv-00127 (TMB)
MEYER STORES, INC.; and WAL-　　　)
MART STORES, INC., d/b/a WAL-　　 )
MART,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　)
　　　　　　　　　　　　　　　　　　)

**DEFENDANTS' INITIAL DISCLOSURES**

Come now defendants, FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART, by and through counsel, Richmond & Quinn, and hereby provide their Civil Rule 26 initial disclosures.

(A) **Affirmative defenses**

As soon as plaintiff was put on notice that the fountain was suspected as a potential cause of the fire, plaintiff should have notified defendants of her suspicions to give defendants an

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Exhibit 4
Page 1 of 5

opportunity to inspect the fountain along with the Anchorage Fire Department. However, plaintiff failed to do so and as a result, defendants have lost the opportunity to inspect the first-hand evidence.

The loss of the fountain and the Anchorage Fire Department's investigative materials has materially prejudiced defendants' ability to investigate the cause and origin of the fire. Any testimony from the Anchorage Fire Department should be excluded and the case dismissed based on speculation.

Because of the loss of the fountain defendants may not be able to identify its source; whether it has been substantially altered; and to what extent the fire was caused by other sources besides the fountain. Defendants may not be able to identify to what extent the fire may have been caused by plaintiff and/or others misusing the fountain.

Plaintiff claims that the fountain was sold by both Wal-Mart and Fred Meyers. Therefore the jury could only speculate as to the point of sale.

Defendant Kroger Co. is an Ohio Corporation, and is a separate and distinct legal entity from Fred Meyer Stores, Inc. Kroger has never done business in the State of Alaska or sold the subject fountain. Therefore Kroger bears no liability and the court has no personal jurisdiction over Kroger.

Jurisch v. FKA Distributing, Co. et. al.
Case No. 3:06-cv-00127 (TMB)
DEFENDANTS' INITIAL DISCLOSURES

Exhibit 4
Page 2 of 5

Defendants, Fred Meyer Stores, Inc. and Wal-Mart Stores, Inc have insufficient information to determine whether it sold the subject product.

**(B)   Witnesses**

Captain Southwick
c/o Municipality of Anchorage, Department of Law
Robert Owens, Attorney
632 W. 6th Avenue, Suite 730
Anchorage, AK  99519-6650

Captain Southwick investigated the fire and is knowledgeable about the loss of the fountain and the Anchorage Fire Department's records.

Danine Turner
c/o Municipality of Anchorage, Department of Law
Robert Owens, Attorney
632 W. 6th Avenue, Suite 730
Anchorage, AK  99519-6650

Ms. Turner is the records custodian knowledgeable about the loss of ANCHORAGE FIRE DEPARTMENT's records and fountain.

Any and all witnesses to the fire and/or to the use of the fountain prior to the fire.

Any and all persons who investigated the subject fire on behalf of State Farm.

Any and all witness to plaintiff's damages.

**(C)   Statements**

Defendants are not aware of any statements at this time.

**(D)   Relevant Documents/Physical Evidence**

1. All Records received from the Anchorage Fire Department (attached).

Jurisch v. FKA Distributing, Co. et. al.
Case No. 3:06-cv-00127 (TMB)
DEFENDANTS' INITIAL DISCLOSURES

Exhibit 4
Page 3 of 5

2. Correspondence to State Farm confirming their intent not to pursue subrogation.

(E) **Photographs/Diagrams/Videotapes**

Defendants are not aware of any photographs, diagrams or videotapes at this time.

(F) **Insurance Policies**

Please see the attached declaration sheets; and supplier agreements.

(G) **Damages**

Defendants seek full costs and fees from plaintiff.

Dated this 7th day of September, 2006, at Anchorage, Alaska.

                              RICHMOND & QUINN
                              Attorneys for Defendant
                              FKA DISTRIBUTING CO. d/b/a
                              HOMEDICS, INC.

By: /s/ Kenneth M. Gutsch
     Kenneth M. Gutsch
     RICHMOND & QUINN
     360 K Street, Suite 200
     Anchorage, AK 99501
     Ph: (907) 276-5727
     Fax: (907) 276-2953
     kgutsch@richmondquinn.com
     Alaska Bar No. 8811186

Jurisch v. FKA Distributing, Co. et. al.
Case No. 3:06-cv-00127 (TMB)
DEFENDANTS' INITIAL DISCLOSURES

Exhibit 4
Page 4 of 5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7TH day of September, 2006, to:

Howard J. Meyer, Jr., P.C.
Walther & Flanigan
1029 W. 3rd Ave, Suite 250
Anchorage, AK 99501

Robert P. Owens, Esq.
Assistant Municipal Attorney
Municipality of Anchorage
Department of Law - Civil Division
632 W. 6th Avenue, Suite 730
Box 196650
Anchorage, AK 99519-6650

_Jennifer Cloud_
RICHMOND & QUINN

2222\001\Disc\Defendants' Initial Disclosures

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

Jurisch v. FKA Distributing, Co. et. al.
Case No. 3:06-cv-00127 (TMB)
DEFENDANTS' INITIAL DISCLOSURES

Exhibit 4
Page 5 of 5