LAW OFFICES
# Richmond & Quinn
A PROFESSIONAL CORPORATION

WILLIAM A EARNHART
KENNETH M. GUTSCH
CRAIG S. HOWARD

360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
TELEPHONE (907) 276-5727
FACSIMILE (907) 276-2953

e-mail: info@richmondquinn.com
www.richmondquinn.com

DANIEL T. QUINN
ROBERT L. RICHMOND
SCOTT A. SCHILLINGER
MARC G. WILHELM

## FACSIMILE TRANSMITTAL COVER SHEET

To: Howard Meyer
From: Ken Gutsch
Re: Jurisich
Case No.
File No.: 2222.001
Date: 11-22-06
Fax OP: KMG

Fax Number: 258-3804
Our Fax Number: (907) 276-2953
# of Pages: 13
Original to Follow?
Via:

Documents Sent:
1.
2.

Comments: Howie, attached please find a proposed protective order for materials to be produced. Please review and let me know if you agree to sign. Thanks, Ken

CONFIDENTIALITY NOTICE
This facsimile transmission and the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege or other grounds for confidentiality or non-disclosure. This information is intended only for the use of the individual named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distributing, or the taking of action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

Please call (907) 276-5727 if there are any difficulties with this transmission.

P.S. Have a happy Thanksgiving.

Exhibit 8
Page 1 of 13

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>    Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTION CO, d/b/a HoMedics, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. 306-CV-00127 (TMB) |

## PROTECTIVE ORDER GOVERNING EXCHANGE OF INFORMATION DEEMED CONFIDENTIAL BY THE PARTIES

The following Protective Order shall govern the exchange of confidential information.

1. "Confidential Information" means any type of information which is designated as confidential by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. Confidential Information shall be confidential as of the date the other party should know such information is so designated.

2. Only "Qualified Persons" are authorized to view Confidential Information in this case. Qualified Persons are defined as:

Exhibit 8
Page 2 of 13

(a) Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation;

(b) Any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purpose of this litigation and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto. A copy of that Agreement must be provided to the other party at least ten (10) days before access is allowed to the Confidential Information.

(c) Two officers from each party designated specifically by each party, who agree, in writing, to be bound by the terms of this Protective Order. The officers must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto. A copy of that Agreement must be provided to the other party at least ten (10) days before access is allowed to the Confidential Information.

(d) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto. A copy of that Agreement must be given to the other party before access is allowed to the Confidential Information.

3. Documents and things produced which contain "Confidential Information" shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

4. Any information designated as Confidential Information shall not be (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons, or (2) used by the other party for any purpose other than in connection with this litigation.

5. The use of information which has been designated as "Confidential Information" pursuant to the terms of this Protective Order may be further restricted by the additional designation of such information as "For Attorney's Eyes Only." In the event that information designated as "Confidential Information" is later desired by a party to come within the "Attorney's Eyes Only" category, such information and/or documents can be added to such category if mutually agreed to by the parties or upon Order of this Court upon appropriate motion. The only persons who shall have access to Confidential Information designated for "Attorney's Eyes Only" shall be the attorneys of record in this litigation and any associates, secretaries, paralegals, law clerks, support staff employees, and the independent experts to whom it is necessary that the information be disclosed for purposes of this litigation. Such designation shall be made by marking each page of the document at or before the time of production substantially as follows:

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY"

or

"CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY
PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

6.  Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated as Confidential Information, or additionally for Attorney's Eyes Only, by indicating (1) on the record at the deposition that the particular testimony is Confidential Information, or additionally for Attorney's Eyes Only, and subject to the provisions of this Protective Order or (2) by indicating in writing within twenty (20) days of receipt of the transcript by counsel that the particular testimony is Confidential Information, or additionally for Attorney's Eyes Only, and subject to the provisions of this Protective Order. Until such information is so designated or until the twenty (20) day period passes, the material is to be treated as if Confidential Information and for Attorney's Eyes Only. Otherwise, such information will be deemed free of this Protective Order.

7.  Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show any witness any document or thing designated as Confidential Information by the other party which that witness (i) has previously seen or (ii) is entitled to see, in a manner which did not violate the terms of this Protective Order. Notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any director, officer, employee, consultant or agent of the other party any document or thing produced by the other party which, (i) has been designated as Confidential Information, or (ii) was designated as confidential by the offering party.

8. Use of Confidential Information, including Attorney's Eyes Only information, shall be permitted at trial, although the confidentiality of such information at trial may be governed by a trial protective order if such an order is stipulated to by the parties or requested by a party and entered by the Court. In the event a witness is entitled to view Confidential Information, the designating party shall have the right to have all persons, except the witness, counsel for the witness and all Qualified Persons, excluded before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL" subject to this Order. Similarly, if a witness is entitled to view Attorney's Eyes Only information, the designating party shall have the right to have all persons (except the witness, counsel of record for named parties, counsel for the witness, members of counsels' regularly employed office staffs as are necessary for the conduct of this case, independent experts and court personnel) excluded before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY" subject to this Order.

9. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents, in writing, to such disclosure, withdraws the "Confidential" designation, or if the Court, after notice to all parties, orders such disclosure.

Exhibit 8
Page 6 of 13