10.    No party shall be responsible to another party for any use made of information produced and not designated as Confidential Information, if the information is disclosed by one party to a third party before any time the same is designated as Confidential Information, except that information first divulged in a deposition shall not be divulged before the expiration of the twenty (20) day period of paragraph 6, *supra*. If the receiving party is notified, in writing, of the reclassification of the information, document, etc., to Confidential Information, even if such information has been previously disclosed to persons other than Qualified Persons by the time of reclassification, such information so designated by the producing party shall be considered as having been designated as being Confidential Information except to the extent such information had been previously disclosed to persons other than Qualified Persons. The receiving party may not argue waiver of the confidential designation merely by virtue of such later designation even if non-confidential disclosure has occurred in the interim. However, such confidential designation shall not apply to the extent divulged before such designation.

11.    A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential or Attorney's Eyes Only, that party shall notify the party asserting confidentiality in writing as to specific objections, along with the bases (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve any differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest. If the dispute cannot be resolved, or if an emergency develops, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving the same.

Exhibit __8__
Page __7__ of __13__

12.    All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Confidential Information shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "CONFIDENTIAL" and a statement substantially in the following form:

> "This envelope (container) contains documents (objects) subject to the protective order entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by order of the Court."

No such sealed envelope or container shall be opened except upon further order of the Court granted pursuant to motion made upon ten (10) business days written notice to counsel of record for all named parties and to counsel for the designating party. Such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access.

13.    The Clerk of this Court is directed to maintain under seal all documents, objects, and transcripts of deposition testimony filed in Court in this litigation which have been designated, in whole or in part, as Confidential Information by a party to this action.

14.    Within sixty (60) days after the conclusion of this litigation, originals or reproductions of any documents or things produced by a party containing Confidential Information shall be returned to the producing party or destroyed, except that the office of each principal counsel may retain for its archive a single copy of any such materials. Principal counsel may also retain all exhibits, deposition transcripts, correspondence and papers filed with the Court, and each party's Certified Public Accountant may retain one copy of any financial information he or she has reviewed. There shall be no restriction on the disclosure

-7-


Exhibit _____ 8
Page _____ 8 of _13_

or use of any trial exhibits, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same.

15.    Insofar as the provisions of this Protective Order restrict the communication and use of documents or objects, such Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

16.    The designation of any material in accordance with this Order as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

17.    This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

18.    This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

19.    Third parties who are compelled to produce documents or other evidence may do so under this Protective Order by signing an acknowledgment in the form of Exhibit B.

20.    Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein or (ii) if such

Exhibit ___8___
Page _9_ of _13_

statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

21.    This Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

22.    This Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by Order of the Court or by agreement of the parties.

**SO ORDERED.**


Honorable _____
U.S. District Judge

Dated: _____


**Approved as to form and substance:**

[plaintiff's attorney]                    [defendant's attorney]


By:_____            By:_____
 [type in attorney name                  [type in attorney name
 and address]                            and address]

        *Attorneys for Plaintiff,*              *Attorneys for Defendant,*
    _____              _____

Dated: _____        Dated: _____

Exhibit ___8___
Page _10_ of _13_

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

HEIDI JURISCH,                          )
                                        )
     Plaintiff,                       )
                                        )
vs.                                     )
                                        )
FKA DISTRIBUTION CO, d/b/a              )
HoMedics, INC.; KROGER CO., )
d/b/a FRED MEYER and/or FRED            )
MEYER STORES, INC.; and WAL-            )
MART STORES, INC., d/b/a WAL-           )
MART;                                   )
                                        )
     Defendants.                      )          Case No. 306-CV-00127 (TMB)
                                        )
                                        )
_____     )

## CONFIDENTIALITY AGREEMENT

I, _____, declare that:

1. My address is _____.

2.              My         present        employer     is

,    and    the    address    of    my    present    employer    is

-1-

EXHIBIT A

Exhibit 8

Page 11 of 13

3.    My present occupation or job description is _____.

4.    In addition to my other job functions, I am working as a consultant to

_____.

5.    My relationship to plaintiff/defendant is _____.

6.    I have received a copy of the Protective Order in this action.

7.    I have carefully read and understand the provisions of the Protective Order and agree to be bound by it.

8.    I will return all confidential documents and things which come into my possession or which I have prepared to counsel for the party by whom I am retained.

9.    I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on: _____        _____
                                                            (signature)

-2-

**EXHIBIT A**

Exhibit ___*8*___
Page _*12*_ of _*13*_

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **HEIDI JURISCH,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **FKA DISTRIBUTION CO, d/b/a** | ) |
| **HoMedics, INC.; KROGER CO.,** | ) |
| **d/b/a FRED MEYER and/or FRED** | ) |
| **MEYER STORES, INC.; and WAL-** | ) |
| **MART STORES, INC., d/b/a WAL-** | ) |
| **MART;** | ) |
| | ) |
| **Defendants.** | )   **Case No. 306-CV-00127 (TMB)** |
| | ) |
| | ) |

## ACKNOWLEDGMENT

In response to a subpoena served in the action entitled *[caption]*, Civil Action No. _____ (_____ District of _____), documents, testimony and other things (hereinafter "Materials") deemed confidential are being produced for use solely in that action. By signing this acknowledgment, I agree to provide the Materials subject to the terms of the Protective Order entered in that action that will bind the parties in that action to the same extent that the parties are bound to protect other discovery material produced.

Signed by: _____

Date: _____

-1-

**EXHIBIT B**

Exhibit ___8___

Page _13_ of _13_