Kenneth M. Gutsch, ASBA 8811186
Richmond & Quinn, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953
E-mail:  kgutsch@richmondquinn.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FKA DISTRIBUTING CO., d/b/a ) <br> HOMEDICS, INC.; KROGER CO., ) <br> d/b/a FRED MEYER and/or FRED ) <br> MEYER STORES, INC.; and WAL- ) <br> MART STORES, INC., d/b/a WAL- ) <br> MART, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:06-cv-00127 (TMB) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME**

COME NOW defendants, and hereby oppose plaintiff's Motion for Rule 56(f) Extension.

A party seeking a continuance "must show how additional discovery would preclude summary judgment and why a party cannot **immediately** provide '**specific facts**' demonstrating a genuine issue of material fact." Mackey v. Pioneer National

Bank, 867 F.2d 520, 524 (9th Cir. 1989).  "The **burden** is on the party seeking continuance to state facts sufficient to show that the **evidence** sought **exists**."  Volk v. D.A. Davidson & Co. 816 F.2d 1406, 116 (10th Cir. 1987); VISA International Service Association v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986)(courts deny Rule 56(f) applications where it is clear that the **evidence sought** is almost certainly **nonexistent** or is the object of **pure speculation**)(Emphasis Added).

While plaintiff cites to Capt. Southwick's note that the fountain was the only logical source of the fire, the basis for defendants' motion for summary judgment is that Capt. Southwick's testimony is inadmissible because, by his own admission, he is not an expert, and because of the destruction of all of the material physical evidence.

Plaintiff does not specify how additional discovery could change the fact that the key evidence in this case has been lost, and that Capt. Southwick is not an expert and cannot be used by plaintiff as an expert.

Nor does plaintiff's motion explain how any additional discovery would change the fact that it would be grossly

unfair for the court to allow Capt. Southwick to testify given the fire department's destruction of the fountain. As noted in defendants' motion for summary judgment, where an expert loses the allegedly defective product at issue, and effectively denies the defense the opportunity to examine the products, plaintiff is prohibited from using that expert.

Finally, plaintiff does not explain how, given the absolute destruction of all the material physical evidence in this case, a jury could do other than to speculate as to the cause of the fire.

Plaintiff has not pled *res ipsa loquitor*, and this is not a *res ipsa loquitor* case, because plaintiff admits there was a candleholder on the end-table next to the fountain (Ex. A at p.29), and there is evidence of another metal candleholder also standing on the end-table next to the fountain. Ex. B-1, B-2.

Even if the only potential cause of the fire were the fountain, the loss of the fountain has prevented defendants from examining the fountain to assess whether there had been chewing damage to the fountain's cord by plaintiff's dog and/or cat (a chew toy sat just feet from the end-table in the

dog's bed.) (Ex. B-3), or whether the fire could have been caused by misuse of the fountain, or some other damage to the fountain and/or its cord.

Plaintiff fails to specify what she hopes to gain from the production of documents by defendants. The documents are irrelevant to the admissibility of Capt. Southwick's testimony, and the destruction of all the material physical evidence. Further, plaintiff fails to specify what she hopes to gain from the deposition of John Glenn. Does plaintiff seek to show that the defense has not been prejudiced? Plaintiff could have offered her own expert. Plaintiff has had the opportunity to engage her own expert and fully investigate the claim for over two years.

Finally, plaintiff fails to explain any facts that would justify an extension of time for the opposition as to defendants Fred Meyers, Inc. and Kroger Co. Plaintiff has no evidence that they sold the subject fountain.

Moreover, defendants' motion for summary judgment was accompanied by several other motions for rulings of law that (1) Capt. Southwick may not testify; (2) that had the physical evidence at issue been preserved, it would have benefited

defendants; (3) that plaintiff may only recover for the fair market value of her lost property; (4) that plaintiff may not recover for the sentimental value of her lost property; (5) that plaintiff may not recover for emotional distress; and (6) that plaintiff must specify the personal property for which plaintiff seeks compensation in this suit.

Plaintiff offers no explanation as to why these alternative motions should be delayed.

## CONCLUSION

The purpose of dispositive motions is to minimize significant litigation costs in cases lacking merit. No additional discovery will resurrect the destroyed evidence or make Capt. Southwick's testimony admissible.

Therefore, plaintiff's motion for a Rule 56(f) continuance should be denied. Defendants' motion for summary judgment is ripe and should be decided by the court.

Dated this 17th day of January, 2007, at Anchorage, Alaska.

                        RICHMOND & QUINN
                        Attorneys for Defendant
                        FKA DISTRIBUTING CO. d/b/a
                        HOMEDICS, INC.

By: s/Kenneth M. Gutsch
     _____
     Kenneth M. Gutsch
     RICHMOND & QUINN
     360 K Street, Suite 200
     Anchorage, AK 99501
     Ph: (907) 276-5727
     Fax: (907) 276-2953
     kgutsch@richmondquinn.com
     Alaska Bar No. 8811186

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of January, 2007, to:

Howard J. Meyer, Jr.
Walther & Flanigan
1029 W. 3rd Ave, Suite 250
Anchorage, AK 99501


s/Kenneth M. Gutsch
_____
    RICHMOND & QUINN


2222\001\Pld\OPP TO RULE 56(f) MOTION


DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME
<u>Jurisch v. Homedics, etc., et al.</u>, CASE NO. 3:06-cv-00127-TMB
PAGE 6