Kenneth M. Gutsch, ASBA 8811186
Richmond & Quinn, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
PH:  (907) 276-5727
FAX: (907) 276-2953
E-mail:  kgutsch@richmondquinn.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>           Plaintiff,<br><br>     v.<br><br>FKA DISTRIBUTING CO., d/b/a<br>HOMEDICS, INC.; KROGER CO.,<br>d/b/a FRED MEYER and/or FRED<br>MEYER STORES, INC.; and WAL-<br>MART STORES, INC., d/b/a WAL-<br>MART,<br><br>           Defendants. | Case No. 3:06-cv-00127<br>(TMB) |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants hereby move for a protective order with respect to certain documents which may be responsive to Plaintiff's First Set of Document Requests.  The draft protective order provided to counsel sought Plaintiff's agreement that only plaintiff, plaintiff's counsel and any experts would have access to documents designated as

Confidential per the terms of the protective order.  <u>See</u> proposed Protective Order attached hereto.

The undersigned certifies that prior to filing this motion he conferred with plaintiff's counsel to obtain a stipulation on the protective order, but plaintiff's counsel refused to agree to a protective order.  Therefore, the issue of the protective order is ripe for this court's attention.  Fed. R. Civ. P. 26(c)(7).

This court has broad discretion to issue protective orders to protect a party's confidential commercial information.  According to the Ninth Circuit:

> **The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information,** including, but not limited to, trade secrets or other confidential research, development, or **commercial information**.  <u>See</u> Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden."  The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).  The Court continued, by noting that the "trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the

>trial court have substantial latitude to fashion protective orders." Id. (emphasis added); see also 8 Wright, Miller & Marcus, Federal Practice and Procedure, Civil § 2036, at 489 (2d ed. 1994) ("Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.")[1]

Additionally, in deciding whether a party should be required to respond to a given discovery request, the court should weigh the relevance of the information sought against the burdensomeness of the request. Krypton Broadcasting of Jacksonville, Inc. v. MGM-Pathe Communications Co., 629 S.2d 852, 855 (Fla. 1994). Where the material sought is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, such material may not be discovered. Id. Given the sweeping nature of plaintiff's inquiry, the quantity of documents already made available, and the complete lack of a showing of any particularized need for more discovery, the court may properly exercise its discretion here and grant a protective order. In re Multi-Piece Rim Products Liability Litigation, 653 F.2d 671, 680 (D.C. Cir. 1981). As defendants make clear in their opposition to plaintiff's motion to compel, most of plaintiff's discovery

---

[1] Phillips v. General Motors Corporation, 307 F.3d 1206, 1211 (9th Cir. 2002)

DEFENDANTS' MOTION FOR PROTECTIVE ORDER
Jurisch v. Homedics, etc., et al., CASE NO. 3:06-cv-00127-TMB
PAGE 3

requests relate to the wrong model fountain, and are extremely overbroad and unduly burdensome.  Plaintiff seeks virtually every piece of paper generated in connection with the design, manufacturing, marketing and distribution of the WFL-ROC model.  Ex. A hereto.  See <u>Schotthofer v. Hagstrom Construction Companys</u>, 23 F.R.D. 666, 668 (S.D. Ill. 1958) (a party may be protected from the unreasonable and undue burden of responding to interrogatories requiring written answers involving minute factual details).  The overbroad and burdensome nature of plaintiff's requests must also be weighed in light of the fact that plaintiff cannot articulate a theory of liability.

Defendants timely responded to Plaintiff's document requests, withholding only the following materials:

(1) HoMedics' Quality File for the WFL-ROCK;

(2) a report of HoMedics' orders to Fred Meyers and Wal-Mart;

(3) copies of customer complaints, and

(4) HoMedics' applicable insurance policies.

Wal-Mart has separately provided copies of pre-incident testing conducted by Consumer Testing Laboratories, Inc.  Ex.

DEFENDANTS' MOTION FOR PROTECTIVE ORDER
<u>Jurisch v. Homedics, etc., et al.</u>, CASE NO. 3:06-cv-00127-TMB
PAGE 4

B. Wal-Mart has also searched their files and found no flammability complaints with regard to the fountain. Ex. B at p. 12; Supplemental Response to Request for Production No. 16.

HoMedics has fully cooperated in discovery, and has not refused to produce responsive materials. On the contrary, HoMedics merely sought a protective order prior to producing certain materials, which it does not wish to have revealed to the general public. Ex. C. It is Homedic's general practice to obtain a protective order prior to producing certain documents, including its quality files and customer complaints. Plaintiff's counsel cannot justify a refusal to enter into such an order.

HoMedics merely seeks an agreement from plaintiff that only those individuals designated under the protective order will be allowed to view the materials disclosed. HoMedics considers its quality files, order histories, consumer complaints, and insurance policies as confidential information and has a long history of treating these materials as confidential. There is no prejudice to plaintiff in issuing the requested protective order. The draft protective order provided to counsel would permit plaintiff, plaintiff's

counsel and any expert to inspect materials produced under the protective order.

Given the plaintiff's lack of liability theory; and the utter destruction of the material physical evidence in this case, the court should exercise its broad latitude to grant a protective order with regard to the aforementioned materials.

If, after the files are produced to plaintiff, she believes that certain documents must be produced for the good of the public, the parties can re-confer, and if necessary, plaintiff can request that the court relax the protective order as to those particular documents.

Accordingly, it is requested that the court grant a protective order with respect to the materials identified above.

Dated this 17th day of January, 2007, at Anchorage, Alaska.

           RICHMOND & QUINN
           Attorneys for Defendant
           FKA DISTRIBUTING CO. d/b/a
           HOMEDICS, INC.


           s/Kenneth M. Gutsch
By: _____
           Kenneth M. Gutsch
           RICHMOND & QUINN
           360 K Street, Suite 200
           Anchorage, AK 99501
           Ph: (907) 276-5727
           Fax: (907) 276-2953
           kgutsch@richmondquinn.com
           Alaska Bar No. 8811186


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 17th day of January, 2007, to:

Howard J. Meyer, Jr.
Walther & Flanigan
1029 W. 3rd Ave, Suite 250
Anchorage, AK 99501


s/Kenneth M. Gutsch
_____
   RICHMOND & QUINN

2222\001\Pld\MOTION FOR PROTECTIVE ORDER


DEFENDANTS' MOTION FOR PROTECTIVE ORDER
<u>Jurisch v. Homedics, etc., et al.</u>, CASE NO. 3:06-cv-00127-TMB
PAGE 7