Howard J. Meyer, Jr.
Walther & Flainigan
1029 West 3rd Ave., Suite 250
Anchorage, AK 99501
Phone: (907) 279-9999
Fax: (907) 258-3804
E-Mail hmeyer@waltherflanigan.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>    Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>    Defendants. | Case No. 306-CV-00127 (TMB) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS**

  COMES NOW plaintiff, Heidi Jurisch, by and through her counsel, Walther & Flanigan, and in reply to defendants' opposition to plaintiff's motion to compel defendants'

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 1 OF 15

responses to Plaintiff's First Discovery Requests to Defendants dated October 20, 2006, states as follows.

Defendants raise several points in support of their opposition, however, non justify defendants' wholesale failure to provide documentation regarding the subject and similar fountains mass marketed by defendants throughout the United States.

### The Plaintiff's Motion Is Not Moot

Defendants first assert that discovery is moot based upon their allegation that a Captain of the Anchorage Fire Department that was charged with investigating the cause and origin of the fire, Captain Southwick, is not an expert since he did not hold himself out to be an expert during his deposition. The determination of whether one is or is not an expert rests with the court in its gatekeeper capacity. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Because someone states that they are not an "expert" does not preclude the court from determining that the person is in fact an expert as that term is used under evidence rules; just as one stating that they are an expert in a particular field does not necessarily make them so. Federal evidence rules make clear that an expert is qualified based upon their "knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

Captain Southwick testified that he has 27 years of experience working with fires, starting with twelve years that he worked with the Alaska Division of Forestry where he worked as a firefighter and with other fire oriented issues. Exhibit 1, Deposition of Robert E.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 2 OF 15

Southwick, at 100-101.  Captain Southwick then went to work for the Anchorage Fire Department (AFD) where he has remained employed the past 15 years: first as a Firefighter I; then as a Firefighter II and working his way to a senior Firefighter III; and finally his present position as Captain which is the position he held on the day of the subject fire.  Id. at 101-102.  In this position, Captain Southwick testified that his responsibilities require that he "supervise [his] crew during emergency responses, supervise them at the station during normal routine duties, training, enter daily records."  Id. at 5.  He further testified that he has investigative responsibility to determine the cause and origin of a fire.  Id.

As for his educational background, Captain Southwick has an Associate Degree in Fire Science, and coursework to obtain that degree included coursework in fire investigation that covered fire physics and fire chemistry.  Id. at 5-6.  He has also had on-the-job training from other AFD fire investigators, and self study.  Id. at 5.

As stated in the commentary to Fed. R. Evid. 702:

> Nothing in this amendment is intended to suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony.  To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.  In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.

Fed. R. Evid. 702 advisory committee note.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska  99501
Phone 907-279-9999
Fax 907-258-3804

Captain Southwick also testified that he had previously offered expert court testimony as a fire cause and origin expert when he worked for the Alaska Division of Forestry. Exhibit 1 at 15.

Captain Southwick testified that he and his AFD crew put the fire out in seconds of their arrival. Id. at 9. According to Captain Southwick, the quicker one gets to a fire, the easier it is to determine the area of origin, and in this case, there fire was not extensive having been confined to the southwest corner of the living room. Id. at 93-94. Captain Southwick then examined this small area of origin for possible causes, and found only one logical source – the wiring to the subject fountain manufactured and/or distributed by Homedics and sold by one of the retail defendants. Id. at 94.

Based upon Captain Southwick's education, training, knowledge and skill, and first-hand observations of what was an extremely limited fire scene, it is clear that Captain Southwick is more than sufficiently competent to offer expert opinion testimony as the cause and origin of the fire.

Defendants' also focus on AFD's apparent loss of the subject fountain, an argument as misplaced as the fountain. It is uncontroverted that AFD unilaterally took possession of the fountain as part of its investigation into the cause of the fire; and that Ms. Jurisch had absolutely nothing to do with the loss of the fountain by AFD. Id. at 31-32, and 39-40. See also, Exhibit 2, Deposition of Heidi Jurisch, at 42 and 48. If defendants seek to

WALTHER & FLANIGAN
1029 West 3rd Ave, Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 4 OF 15

Case 3:06-cv-00127-TMB   Document 50   Filed 01/22/2007   Page 5 of 15

assert or somehow argue that they have been harmed or somehow damaged as a result of AFD's apparent loss of the fountain, then defendants needed to assert a third-party claim for spoliation against AFD.

### Counsel For The Parties Did Confer

Defendants do not deny that their counsel was contacted with regard to their proposed protective order, and that even after request was made for any examples where a discovery request sought material in need of a protective order, defendants failed to provide even one example. A look at the defendants' response the very first request for production is illustrative of the absurdity of this objection; where when asked for design documents, defendants including Homedics, assert that they do not manufacture the subject (or similar) fountains, and then go on to state:

> in the interest of cooperating, Homedics will identify the manufacturer once a suitable protective order is in place.

See plaintiff's Memorandum In Support Of Plaintiff's Motion To Compel Responses To Plaintiff's First Discovery Requests To Defendants at Exhibit 9, Defendants' Answers to Plaintiff's First Discovery Requests To Defendants, Response to Request for Production No. 1 at 4.

Plaintiff also believes it important to point out that all of the defendants are represented by one counsel. Just which one of the defendants seeks this protective order regarding design documents? Do the retailers care, or would they as responsible retailers like

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 5 OF 15

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

to see just what kind of products they are selling and their exposure to products liability claims? Why also has Homedics failed wholesale to provide any documents for in camera review to substantiate their claimed need for a protective order? All of these questions illustrate the frivolous nature of the defendants protective order objection.

Further as to this issue of who is and is not the manufacturer and/or designer of the product, defendants offer the facially flawed assertion that plaintiff knew or should have known that Homedics was not the manufacturer and/or designer of the fountain "from the disclosure on the boxes of both the WFL-ROC and WFL-ROCK," which provides "both models were made in China." Defendants Opposition Memorandum at 3. To the contrary, a look at defendants' Exhibit E [1] clearly advised the consumer:

> For more information regarding our product line in the USA
> please visit: www.homedics.com

See Defendants' Opposition Memorandum at Exhibit E (emphasis added).

For the court's own viewing, plaintiff is attaching as Exhibit 3, a copy of all six sides of the box containing the "CP-WFLROCK" a/k/a "WFL-ROCK." that defendants have produced in discovery. The one thing that is most evident is that four of the six sides very prominently impart the message to the consuming public that Homedics is the manufacturer. It is irrelevant and specious for the defense to argue that the fountain or some of its

---

[1] This Exhibit proffered by the defense, on its face evidences conflicting notations, in one location referring to a "CP-WFLROCK" and in another as a "WFL-ROCK."

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 6 OF 15

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

component parts[2] were made in China.  That fact does not lessen Homedics' apparent manufacturing role just as the fact that say for example General Motors may manufacture a Chevrolet or some of its component parts in another country – General Motors is still the manufacturer when it sells the Chevrolet as its own here in the United States.

A further review of Defendants' Opposition Memorandum at Exhibit E evidences that "HoMedics" is a "registered trademark of HoMedics, Inc. and its affiliated companies;" and that "EnviraScape" is an apparently unregistered "[trademark] of HoMedics, Inc. and its affiliated companies."  See also plaintiff's Exhibit 3.   All this further points to the telling lack of candor which has been exhibited here by primarily Homedics with regard to its role in the manufacture and distribution of the fountain.  Has Homedics, or one of its "affiliated companies," entered into a contract with a Chinese entity for the manufacture of the fountain or some of its component parts?  Has Homedics, or one of its "affiliated companies," entered into a joint venture with a Chinese entity for the manufacture of the fountain?  Are any of the Homedics' principals, or one of its "affiliated companies'" principals also a principal of the Chinese entity Homedics claims is the manufacturer?

---

[2] For example, a review of Exhibit 3 evidences that included in the fountain packaging are "genuine polished river rocks" that appear to be an integral part of the fountain design and aesthetics advertised by Homedics on its fountain boxes.  It seems highly unlikely that Homedics would have these so-called "genuine polished river rocks" shipped at great expense all the way from China to the United States when there is already an abundance of small "genuine polished river rocks" in tens of thousands of locations throughout the United States.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 7 OF 15

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Exactly what is the relationship and legal relationship between Homedics and its "affiliated companies" and this claimed Chinese entity for the manufacturer and importation of the products that are held out to American consumers as being made by Homedics. No such documentation has been produced as part of defendants' disclosures or to this court to see just what is going on. In any event, Homedics knows what is lurking under each one of the shells it seeks to keep secret; and whatever the relationship(s), it obviously is significant and provides Homedics with ostensibly sufficient ties to access documents involving the design, manufacture quality control, and other complaints for the fountains it markets in the United States – and one of which was found to be the only logical source of the fire at plaintiff's home.

Instead, defendants attempt to divert this court's focus by claiming that plaintiff's counsel did not discuss defendants' boiler plate relevancy, over breadth and undue burden objections. If defense counsel had any reasonable notion that these objections were "well-taken" as they now contend, it was equally if not more incumbent for defendants to bring up these objections when counsel conferred about filing a motion to compel. There is a reason why these boiler plate objections were not again raised by the defense – they are really not well-taken. See also, Certificate of Counsel Howard J. Meyer, Jr. In Support Of Plaintiff's Motion To Compel Responses to Plaintiff's First Discovery Requests to Defendant.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 8 OF 15

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

### Plaintiff's Requests Seek Relevant Documents Or Documents Reasonably Calculated to Lead to Discoverable Evidence

First turning to defendants' opposition with regard to the relevancy objection, the best that the defense can offer is the claim that their objection is well taken since plaintiff's requests:

> Plaintiff's discovery requests relate to a model "WFL-ROC", which was a model different than the "WFL-ROC" model at issue in this lawsuit.

Defendants' Opposition Memorandum at 4. That is the only basis the defense gives for its relevancy objection.

Defendants do not deny that the two fountains are really the same product with only a nomenclature name that was changed sometime between the time of the fire and now. And as shown above, even Homedics uses different nomenclature references on the very same packaging. Most important, never do defendants claim that they were actually somehow confused by plaintiff's discovery, and in fact to the contrary, as defendants' state:

> Defendants' respond to this and all additional discovery requests ass though Plaintiff identified the product at issue as Model No. WFL-ROCK

See plaintiff's Memorandum In Support Of Plaintiff's Motion To Compel Responses To Plaintiff's First Discovery Requests To Defendants at Exhibit 9, Defendants' Answers to Plaintiff's First Discovery Requests To Defendants, Response to Request for Production No. 1 at 4.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 9 OF 15

Plaintiff's discovery requests also made clear that her discovery was not limited to any one fountain, but all similar products that were defined as follows:

> "Similar Products" refers to any and all other fountains or similar products that are manufactured, assembled, sold and/or otherwise distributed by FKA Distributing Co. d/b/a Homedics, Inc., including but not limited to the "Envirascape™ Garden Leaves Relaxation Fountain (Model Number WFL-GDN)," "Envirascape™ Shimmering Towers Illuminated Relaxation Fountain (Model Number WFL-CAN32)," "Envirascape™ Eternal Rain (Model Number WFL-ETN)," "Envirascape™ Peaceful Rains (Model Number WFL-RAIN)," "Envirascape™ Rain Forest Soothing Color Fall (Model Number WRF-COL)," "Envirascape™ Relaxing Rains Rain ForestFountain (Model Number WRF-REL)," "Envirascape™ Rustic Illumination Lantern Relaxation Fountain (Model Number WFL-CANRUS)," "Envirascape™ Slate Falls Illuminated Relaxation Fountain (Model Number WFL-SLFA)," "Envirascape™ Slate Streams Illuminated Relaxation Fountain (Model Number WFL-SLST)," "Envirascape™ Soothing Rains Rain Forest Fountain (Model Number WRF-SOO)," "Envirascape™ Tranquil Rains Rain Forest Fountain (Model Number WRF-TRA)," "Envirascape™ Tuscany Illuminated Relaxation Fountain (Model Number WFL-TUSC)," and/or "Envirascape™ Zen Springs Relaxation Fountain (Model Number WF-ZEN)."

See plaintiff's Memorandum In Support Of Plaintiff's Motion To Compel Responses To Plaintiff's First Discovery Requests To Defendants at Exhibit 5, Plaintiff's First Discovery Requests To Defendants, at 7-8.

### Plaintiff's Requests Are Not Over-Broad Or Unduly Burdensome

Turning to the over-breadth and undue burden objections, the defendants' opposition memorandum basically is premised upon the specious and frivolous claim that

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 10 OF 15

"plaintiff has not been able to provide defendants with a theory of the case." Defendants' Opposition Memorandum at 6 and 9. So there is no further confusion on the part of the defense, plaintiff's theory of the case simply put is that for reasons beyond her expertise, she agrees with AFD Captain Southwick that there is no other logical source of the fire other than the fountain since: (1) it was the <u>only</u> electrical device in the area of the fire, (2) neither before or after have her dog or cat ever bitten into or chewed any electrical cord located in her home; (3) the fountain had not ever been misused having only recently been taken out of the box, assembled and plugged in to power it; and (4) when she left her home for her work with approximately an hour to an hour and a half before the fire, there were no exposed flames (<u>e.g.</u>, candles, incense, etc.) anywhere in her home, including none anywhere in the living room. <u>See</u> Affidavit of Heidi Jurisch In Support of Motion to Compel.

That being the case, all of the categories of documents outlined by the defense as having been sought by plaintiff appear to seek relevant documents and/or are reasonably calculated to lead to relevant evidence regarding the subject fountain which was found by the AFD to be the only logical source of the fire as plaintiff's requests are limited to the subject fountain and like fountains manufactured by and/or distributed in the United States by Homedics.

It is also telling that defendants would object to document production claiming they do not even have the requested documents, and yet then go on to claim the discovery

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

requests are overbroad and that it would be unduly burdensome to produce the requested documents. The later objection demonstrates the hollow nature of the no access objection.

### Insurance Policies are Per Se Discoverable

As further proof of defendants' complete lack of regard for discovery in this matter, one need only look back at defendants' initial disclosures which have even less substance than one might expect for a pro per party. Even the insurance policies are not provided and no objection is made to production of the same as part of the initial disclosure process. Only now do defendants attempt to divert attention to their abuse of the discovery process by pointing to the value of the plaintiff's claim being small in comparison to some "self-insured retention." See Defendants' Opposition Memo at 12. Nowhere in Rule 26 is there a self-insured retention exception.

### There Is A Factual Question Where The Fountain Was Purchased

Like the defendants' unwillingness to produce insurance documents, defendants raising the argument that Kroger and Fred Meyer are not offered in good faith. The affidavit of Ms. King which is offered as proof that the fountain was purchased at Wal-Mart was not produced until long after the discovery was due. That affidavit is also in conflict with the affidavit of Ms. Jurisch that after the fire, when she asked Ms. King where she had purchased the Homedics fountain, Ms. King first advised plaintiff that it was from Fred Meyer; and then sometime later when asked to confirm that it was purchased at Fred Meyer Ms. King said that

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 12 OF 15

maybe it was purchased at Wal-Mart.  See Affidavit of Heidi Jurisch In Support of Motion to Compel.

Moreover, at the very same time as the plaintiff's discovery requests were served plaintiff had offered to simply let the retailer defendants out of the litigation provided:

> 1   FKA Distributing Co., d/b/a Homedics, Inc. acknowledges in writing that the fountain in question was designed, manufactured, assembled and/or distributed by it and that it accepts responsibility for Ms. Jurisch's damages caused by the subject fire if the subject fire is found to have been caused by the fountain.
> 2   Proof of FKA Distributing Co., d/b/a Homedics, Inc. having sufficient insurance coverage, not subject to any reservations by the insurer(s), to cover up to a $150,000 judgment (exclusive of costs, prejudgment interest and Rule 82 attorney fees).
> 3   FKA Distributing Co., d/b/a Homedics, Inc. will not later allege that any of the dismissed defendants were negligent or made any changes or modifications to the subject fountain, or otherwise seek to apportion fault to any nature to the dismissed defendants.
> 4   The dismissed defendants will each bear their respective costs and fees incurred to date.

Exhibit 4, Correspondence from Howard J. Meyer, Jr. to Ken Gutsch, dated October 20, 2006.  To date, Homedics and the other retailer defendants have not unconditionally agreed to these terms.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska  99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 13 OF 15

Conclusion

In conclusion, defendants should be ordered to provide full and candid responses to Plaintiff's First Discovery Requests to Defendants, making production/inspection of all such requested documents, including documents related to similar products as defined in the discovery requests available at their defense counsel's office here in Anchorage, and that defendants should do so within ten (10) days of the court's order.

Defendants should be ordered to reimburse plaintiff's counsel for his time spent having to file this motion, which counsel has now spent in excess of an additional 8 hours drafting this reply, which is in addition to the 8.5 hours at $200/hr. that was spent on the original supporting memorandum. See Second Affidavit of Howard J. Meyer, Jr. in Support of Plaintiff's Motion to Compel.

Finally, because of defendants' discovery delays, which are now past two months, plaintiff is prejudiced in her ability to provide her fire cause and origin expert's report within the prescribed time frame.

DATED this 22nd day of January, 2007, at Anchorage, Alaska.

WALTHER & FLANIGAN
Attorneys for Plaintiff Heidi Jurisch

/s Howard J. Meyer, Jr
By:_____
Howard J. Meyer, Jr.
ABA # 8806136

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 14 OF 15

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS was served by hand this 22nd day of January, 2007, on:

> Ken Gutsch, Esq.
> Richmond & Quinn
> 360 K Street, Suite 250
> Anchorage, AK 99501

> /s Jessica Rasor
> _____
> WALTHER & FLANIGAN

4649/Pld/CompelReply

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 15 OF 15