Howard J. Meyer, Jr.
Walther & Flainigan
1029 West 3rd Ave., Suite 250
Anchorage, AK 99501
Phone: (907) 279-9999
Fax: (907) 258-3804
E-Mail hmeyer@waltherflanigan.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>            Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>            Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 306-CV-00127 (TMB) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME**

COMES NOW plaintiff, Heidi Jurisch, by and through her counsel, Walther & Flanigan, and in reply to Defendants' Opposition To Plaintiff's Motion For Rule 56(f) Extension Of Time, states as follows.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Defendants' principal points in opposition to plaintiff's motion are: (1) Anchorage Fire Department (AFD Captain Robert Southwick is not an expert: and (2) since the AFD appears to may have lost the subject fountain, Captain Southwick should not be allowed to testify. Plaintiff cites no case law in support of either one of these two positions.

Captain Southwick is an Expert[1]

As spelled out in Plaintiff's Reply Memorandum In Support Of Plaintiff's Motion To Compel Responses To Plaintiff's First Discovery Requests To Defendants, the determination of whether one is or is not an expert rests with the court in its gatekeeper capacity. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Because someone states that they do not hold themselves out to the public as an "expert" does not preclude the court from determining that the person is an expert as that term is used under evidence rules; just as one stating that they are an expert in a particular field does not necessarily make them so. Federal evidence rules make clear that an expert is qualified based upon their "knowledge, skill, experience, training, or education." Fed. R. Evid. 702.

Captain Southwick testified that he has 27 years of experience working with fires, starting with twelve years that he worked with the Alaska Division of Forestry where he worked as a firefighter and with other fire oriented issues. Captain Southwick then went to

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

---

[1] Authorities for the facts in this portion of plaintiff's reply are set forth in Plaintiff's Reply Memorandum In Support Of Plaintiff's Motion To Compel Responses To Plaintiff's First Discovery Requests To Defendants at 2-4.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 2 OF 9

work for the Anchorage Fire Department (AFD) where he has remained employed the past 15 years: first as a Firefighter I; then as a Firefighter II and working his way to a senior Firefighter III; and finally his present position as Captain which is the position he held on the day of the subject fire. In this position, Captain Southwick testified that his responsibilities require that he "supervise [his] crew during emergency responses, supervise them at the station during normal routine duties, training, enter daily records." He further testified that he has investigative responsibility to determine the cause and origin of a fire.

As for his educational background, Captain Southwick has an Associate Degree in Fire Science, and coursework to obtain that degree included coursework in fire investigation that covered fire physics and fire chemistry. He has also had on-the-job training from other AFD fire investigators, and self study.

As stated in the commentary to Fed. R. Evid. 702:

> Nothing in this amendment is intended to suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.

Fed. R. Evid. 702 advisory committee note.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 3 OF 9

Captain Southwick also testified that he had previously offered expert court testimony as a fire cause and origin expert when he worked for the Alaska Division of Forestry.

Captain Southwick testified that he and his AFD crew put the fire out in seconds of their arrival. According to Captain Southwick, the quicker one gets to a fire, the easier it is to determine the area of origin, and in this case, there fire was not extensive having been confined to the southwest corner of the living room. Captain Southwick then examined this small area of origin for possible causes, and found only one logical source – the wiring to the subject fountain manufactured and/or distributed by Homedics and sold by one of the retail defendants.

Based upon Captain Southwick's education, training, knowledge and skill, and first-hand observations of what was an extremely limited fire scene, it is clear that Captain Southwick is more than sufficiently competent to offer expert opinion testimony as the cause and origin of the fire.

### Plaintiff Should Not Be Penalized Because The AFD May Have Lost The Subject Fountain

Defendants also seek to have this court penalize plaintiff for AFD's apparent loss of the fountain despite the uncontroverted evidence that AFD unilaterally took possession of the fountain as part of its investigation into the cause of the fire; and that Ms. Jurisch had absolutely nothing to do with the loss of the fountain by AFD. The penalty

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

proposed by the defense is to preclude testimony by Captain Southwick, even though there is no evidence that he threw the fountain out. Actually, a review of his deposition evidences that someone other than Captain Southwick probably threw the fountain out, and that upon Captain Southwick's realization that the fountain was missing he attempted to locate the fountain even going so far as to search the trash dumpster at the fire hall. See Exhibit 1, Deposition of Robert Southwick, at 41, 46-48.

Plaintiff too has been prejudiced by the loss of the fountain since it is no longer available for inspection and to conclusively substantiate Captain Southwick's expert determination of the fire cause and origin. Neither party is more or less prejudiced by the actions of AFD. Therefore, plaintiff is not the proper party against which the defendants need to look for relief. See Sweet v. Sisters of Providence in Wash., 881 P.2d 304, 311 (Alaska 1994) (spoliation requires a shifting of the burden of proof after there is first a showing that essential evidence is missing that hinders the defense's ability to establish a prima facie defense, and then the shifting of the burden of proof, "should only occur when the essential [evidence is] missing through the negligence or fault of the adverse party"). In short, defendants' spoliation arguments are misdirected against Ms. Jurisch who simply cooperated with the fire investigation conducted by the public authority vested with that responsibility. The defense, if it really believes it is somehow entitled to point the finger for the loss of the fountain, it needs to direct its attention and focus a claim at AFD provided there is a legal basis to do so.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 5 OF 9

Moreover, the fact that the fountain was apparently lost by AFD, does not render the jury's deliberation "speculative" as to the cause of the fire any more so or less so than other cases where jurors have no first-hand knowledge of a case. The jury here is permitted to hear the testimony of disinterested experts like Captain Southwick even though the alleged defective product is now lost since he inspected the fountain both at the fire scene and back at the AFD firehouse prior to its loss  See <u>Alaska Rent-A-Car, Inc. v. Ford Motor Company</u>, 526 P.2d 1136 (Alaska 1974).  The defense likewise can put on what admissible evidence it likes, and the jury which also was not present at the fire, can weigh the parties' evidence and make a factual determination of the cause of the fire from all the admissible evidence.

Finally, the primary thrust of plaintiff's Summary Judgment Motion is to obtain a complete dismissal of the plaintiff's claim. Defendants do so based upon the apparent loss of the fountain by a third-party that is not a party to this litigation. Defendants argue: (1) that without the fountain, they cannot rule out the possibility that the fire was caused by plaintiff's cat or dog having chewed on the fountain cord; and (2) because plaintiff had some candle holders in the general vicinity of the fire, perhaps a candle started the fire.[2]  Defendant make

---

[2] In contrast, plaintiff has filed an affidavit wherein she states under oath that (1) the fountain was the <u>only</u> electrical device in the area of the fire, (2) neither before or after has her dog or cat ever bitten into or chewed any electrical cord located in her home; (3) the fountain had not ever been misused having only recently been taken out of the box, assembled and plugged in to power it; and (4) on the day of the fire when she left her home for work approximately an hour to an hour and a half before the discovery of the fire, there were no exposed flames (<u>e.g.</u>,

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

this facially strained argument in large part through the affidavit of John Glenn, a purported fire cause and origin expert who it appears the defense did not provide with any documents related to either the subject or similar Homedics fountains, including but not limited to documents related to design, manufacturing, quality control, and prior fires and other consumer complaints.

Defendant's opposition also criticizes plaintiff for not stating the obvious – namely that those documents sought by plaintiff could point to problems with the fountain. The end result is that in order for plaintiff (and her expert) to have a full and fair opportunity to respond to Mr. Glenn's affidavit, the requested discovery followed by the deposition of Mr. Glenn is needed which in turn would also then be provided to plaintiff's expert.

Defendants' Other Reasons For Denial of the Extension Motion Are Extraneous

The other unrelated side issues raised in defendants' summary judgment motion (e.g., the legal/evidentiary effect of AFD's apparent loss of the fountain, proper measure of damages and extent of recoverable damages) are more along the lines of seeking to determine the law of the case on issues of evidence and damages. Plaintiff further submits that by the defendants' tying several unrelated issues into one motion for summary judgment, it should not now be allowed to criticize plaintiff for not engaging in piecemeal responses, and that

---

candles, incense, etc.) anywhere in my home, including none anywhere in her living room. See Affidavit Of Heidi Jurish In Support Of Motion To Compel.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 7 OF 9

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

extension of the time to file an opposition to the motion for summary judgment applies to all aspects of the defendants' motion.

### Conclusion

The defense is correct when it states that the purpose of dispositive motions is to minimize significant litigation costs in cases lacking merit. However, dispositive motions are not supposed to be used as a sword by wealthy businesses interests who first seek to avoid discovery regarding a product that is found by a disinterested public authority to be the only logical source of a parties' damages. Plaintiff's motion for a Rule 56(f) extension should be granted.

DATED this 23rd day of January, 2007, at Anchorage, Alaska.

WALTHER & FLANIGAN
Attorneys for Plaintiff Heidi Jurisch

/s Howard J. Meyer, Jr
By:_____
Howard J. Meyer, Jr.
ABA # 8806136

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 8 OF 9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME was served by mail this 23rd day of January, 2007, on:

    Ken Gutsch, Esq.
    Richmond & Quinn
    360 K Street, Suite 250
    Anchorage, AK 99501

    /s Jessica Rasor
_____
WALTHER & FLANIGAN

4649/Pld/FRCP56(f)Reply

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RULE 56(f) EXTENSION OF TIME
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 9 OF 9