Howard J. Meyer, Jr.
Walther & Flainigan
1029 West 3rd Ave., Suite 250
Anchorage, AK 99501
Phone: (907) 279-9999
Fax: (907) 258-3804
E-Mail hmeyer@waltherflanigan.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEIDI JURISCH,<br><br>              Plaintiff,<br><br>vs.<br><br>FKA DISTRIBUTING CO., d/b/a HOMEDICS, INC.; KROGER CO., d/b/a FRED MEYER and/or FRED MEYER STORES, INC.; and WAL-MART STORES, INC., d/b/a WAL-MART;<br><br>              Defendants. | Case No. 306-CV-00127 (TMB) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR PROTECTIVE ORDER**

COMES NOW plaintiff, Heidi Jurisch, by and through her counsel, Walther & Flanigan, and in opposition to Defendants' Motion for Protective Order, states as follows:

There is one overriding fact that needs to be kept in focus – this case <u>does</u> <u>not</u> involve any cutting edge military, medical, electronic, or some other new or sensitive technology; nor has plaintiff sought any "trade secrets" or other confidential information of a

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 1 OF 9

commercial nature.  Instead, what this case involves is a fire that caused considerable damage to a woman's home and life's possessions and at the same time displaced her for over six months; and the Anchorage Fire Department found there was only one logical causal source for this fire, that being a chintzy plastic fountain manufactured and/or distributed by Homedics that sells for less than $20 at hundreds of Wal-Mart and the like.  It is with this backdrop that the court is left to decide exactly what it is that plaintiff has sought from defendants that requires what amounts to the extraordinary protections and restrictions that the defense seeks to impose with their proposed protective order.

Defendants first sent plaintiff a proposed protective order on November 22, 2006.  See Defendants' Motion for Protective Order, Exhibit C.[1]  This proposed order was a very detailed and involved twelve page document.  See Defendants' Motion for Protective Order Exhibit C.  When plaintiff's counsel subsequently discussed this proposed protective order with defense counsel, he advised of his reluctance to enter into such a protective order, and asked defense counsel to provide some indication which of plaintiff's pending discovery requests, if any, called for the production of proprietary or otherwise sensitive information.  See plaintiff's Memorandum In Support Of Plaintiff's Motion to Compel Responses to Plaintiff's First Discovery Requests to Defendants, Affidavit of Howard J. Meyer, Jr.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

---

[1] Plaintiff notes that defendants' exhibit is missing page 3 of the proposed order.  A complete copy of the defendants' proposed order can be viewed in plaintiff's Memorandum In Support Of Plaintiff's Motion to Compel Responses to Plaintiff's First Discovery Requests to Defendants at Exhibit 8.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 2 OF 9

Defense counsel was then (and still is now) unable to point to even one request seeking production of proprietary or otherwise commercially sensitive information, after which plaintiff's counsel advised he would not have his client enter into a needless protective order. Id.

Defendants did not then move for a protective order. Instead, defendants asserted a blanket objection to the entirety of plaintiff's discovery stating "Defendants will not produce documents until a suitable confidentiality Protective Order is entered in this case." See Defendants' Motion for Protective Order, Exhibit A at 3.[2]  Defendants still did not move for a protective order, and it was only after plaintiff filed her Motion to Compel that the defense moved for a protective order

### Defendants Have Not Established Good Cause for Issuance of a Protective Order

In support of its motion, defendants point to a decision of the Ninth Circuit, Phillips v. General Motors Corp., 307 F.3d 1206 (9th Cir. 2002), that really states no more than is readily apparent from a reading of FRCP 26(c).  The question here is not generally whether a protective order is permitted.  Rather, the specific question is whether a protective order is necessary here.

---

[2] Defendants also produced what appears to be some internet advertising, along with a 2006 Instruction Manual and Warranty Information booklet (with a Spanish cover) for the Envirascape™ Illuminated Rock Garden Relaxation Fountain, Model Number WFL-ROC.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 3 OF 9

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

First of all, in order to obtain a protective order FRCP 26(c) requires that the party seeking such an order establish "good cause." for the issuance of such an order in order to protect the requesting party from protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." At no time, to include even now in defendants' motion, do the defendants point to even one document that is arguably in need of the extraordinary and unwarranted restrictions created under the defendants' proposed protective order. Instead, defendants simply make conclusory statements that plaintiff's discovery requests are overbroad and burdensome.

Defendants then go on to state:

> It is Homedics general practice to obtain a protective order prior to producing certain documents, including its quality files and customer complaints.

Defendant's Motion to Compel at 5.[3]

The case of <u>Roberts-Douglas V. Meares</u>, 624 A.2d 405, 417 (D.C. 1992), is illustrative of where defendants fail to meet the most basic criteria for a party seeking a protective order:

> In the trial court, the defendants made a generalized objection that the proposed discovery was unduly intrusive, burdensome and oppressive. <u>See</u> Super.Ct.Civ.R. 26(c). **Conclusory assertions of this kind are insufficient**. <u>Lewis v. Capital Mortgage Investments</u>, 78 F.R.D. 295, 311 (D.Md. 1977); <u>Klausen v. Sidney Printing & Publishing Co.</u>, 271 F. Supp. 783, 784 (D.Kan. 1967); <u>see</u> <u>generally</u> 4 James Wm. Moore, <u>Moore's</u>

---

[3] Defendants fail to provide even one example of a lawsuit involving one of Homedics' fountains where in a protective order such as is proposed here was sought and obtained.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 4 OF 9

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

> Federal Practice, § 26-69, at 26-435 (2d ed. 1991). (bold emphasis added)

Defendants also point to their reluctance to produce consumer complaints they have received from third-parties, yet nowhere do they cite to any case law that such third-party complaints, lawsuits and the like constitute an internal trade secret or other confidential commercial information subject to protection.

Defendants also cannot in good faith argue that plaintiff's discovery refers to a wrong model. That argument is at best hyper technical, and not at all well taken. As has been pointed out in plaintiff's pending Motion to Compel and motion for a FRCP 56(f) extension, plaintiff's requests were for the.

> "Envirascape™ Illuminated Rock Garden Relaxation Fountain (Model Number WFL-ROC)," or similar products. (emphasis added)

The "Envirascape™ Illuminated Rock Garden Relaxation Fountain" which was previously denoted by Homedics as "WFL-ROCK," is simply the earlier Homedics model number for what it now still calls an "Envirascape™ Illuminated Rock Garden Relaxation Fountain," but for which Homedics now denotes as "WFL-ROC." Compare Exhibit 1, "WFL-ROCK" Instruction Manual and Warranty Information Front and Back Covers, with Exhibit 2, "WFL-ROC" Instruction Manual and Warranty Information Front and Back Covers.

Plaintiff's discovery requests were not limited to just one fountain as defendants seek to suggest. Rather, plaintiff referred to similar products, and this was defined as follows:

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 5 OF 9

> Similar Products" refers to any and all other fountains or similar products that are manufactured, assembled, sold and/or otherwise distributed by FKA Distributing Co. d/b/a Homedics, Inc., including but not limited to the "Envirascape™ Garden Leaves Relaxation Fountain (Model Number WFL-GDN)," "Envirascape™ Shimmering Towers Illuminated Relaxation Fountain (Model Number WFL-CAN32)," "Envirascape™ Eternal Rain (Model Number WFL-ETN)," "Envirascape™ Peaceful Rains (Model Number WFL-RAIN)," "Envirascape™ Rain Forest Soothing Color Fall (Model Number WRF-COL)," "Envirascape™ Relaxing Rains Rain ForestFountain (Model Number WRF-REL)," "Envirascape™ Rustic Illumination Lantern Relaxation Fountain (Model Number WFL-CANRUS)," "Envirascape™ Slate Falls Illuminated Relaxation Fountain (Model Number WFL-SLFA)," "Envirascape™ Slate Streams Illuminated Relaxation Fountain (Model Number WFL-SLST)," "Envirascape™ Soothing Rains Rain Forest Fountain (Model Number WRF-SOO)," "Envirascape™ Tranquil Rains Rain Forest Fountain (Model Number WRF-TRA)," "Envirascape™ Tuscany Illuminated Relaxation Fountain (Model Number WFL-TUSC)," and/or "Envirascape™ Zen Springs Relaxation Fountain (Model Number WF-ZEN)."

All of these fountains, and the "WFL-ROCK" or "WFL-ROC," are as previously pointed out to the court, very similar with little if anything more than what can loosely be termed aesthetic differences – and defendants do not argue to the contrary.

Finally, defendants also point to and attach supplemental discovery responses made by Wal-Mart only. See Defendants' Motion for Protective Order, Exhibit B. One thing that defendants fail to mention is that these responses were only provided two weeks <u>after</u> the motion to compel was filed and served. The documents accompanying this supplemental response purport to be four sets of test results from a consumer testing laboratory that was hired by Wal-Mart. Id. at 25, 33, 43 and 53. Probably not coincidentally this so-called

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 6 OF 9

consumer testing lab, which from research on the internet does not appear to be accredited or used by anyone other than Wal-Mart, has its main office located in the same small Arkansas town (Bentonville) as Wal-Mart's main offices. What is also not clear is exactly what testing is conducted, and how. The first portion of the test results appear to have little if anything to do with safety, but rather concern packaging including dimensions, construction and labeling. Id. at 26-27, 34-37, 44-47, and 54-57. The second portion of the testing documents appears to deal only with the transformer, which is only one aspect of the electrical components for the fountain. Id. at 28-32, 38-42, 48-52, and 58-62. However, the most telling information from the purported testing documents is that the "manufacturer" of the transformer is identified as "Homedics." Id. at 28, 48 and 58.

### The Proposed Protective Order is Overbroad, Unduly Burdensome, Infringes on First Amendment Rights, and is Not in the Public Interest

A brief review of the proposed protective order also illustrates a sweeping and extraordinary nature which in application is markedly one-sided for the defendants..

First of all, it imposes no restriction whatsoever on what defendants may or may not designate as confidential. See Defendants' Motion for Protective Order, proposed Protective Order at 1. In the event plaintiff does not agree with the defendants' designation, she must incur the cost of motion practice to challenge the designation even after the conclusion of the litigation, and there is no provision for reimbursement of either her costs or attorney time. Id. at 10 and 12.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 7 OF 9

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Another provision imposes a severe restriction on the plaintiff's counsel's use of consulting experts, creating an obligation on plaintiff to divulge the identity of consulting experts, which under Civil Rule 26(b)(4) need not be identified except under exceptional circumstances. Id. at 3. The proposed order also requires plaintiff return all discovery responses and deposition testimony designated as confidential, and this is so even if it involves what plaintiff finds to be a matter of consumer safety which plaintiff's should have a first amendment right to disseminate to the public without restriction. Id. at 12.

Finally, and contrary to the assertion of the defense, the proposed protective order even has a provision that restricts plaintiff's counsel from showing documents to and conferring with his client. Id. at 5.

### Conclusion

In conclusion, defendants even after requested have offered no requisite "good cause" why a protective order is necessary, particularly one as far reaching as they propose for a molded plastic fountain selling at Wal-Mart for less than $20. Defendants' motion appears more to be yet another in what is a continuing pattern of avoiding discovery and making this lawsuit as costly as possible for the plaintiff to pursue. Defendants' motion should be denied.

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 8 OF 9

DATED this 29th day of January, 2007, at Anchorage, Alaska.

WALTHER & FLANIGAN
Attorneys for Plaintiff Heidi Jurisch

/s Howard J. Meyer, Jr
By:_____
Howard J. Meyer, Jr.
ABA # 8806136

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANTS was served by mail this 29th day of January, 2007, on:

Ken Gutsch, Esq.
Richmond & Quinn
360 K Street, Suite 250
Anchorage, AK 99501

/s Jessica Rasor
_____
WALTHER & FLANIGAN

4649/Pld/ProtectiveOpp

WALTHER & FLANIGAN
1029 West 3rd Ave., Suite 250
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
JURISCH V. FKA DISTRIBUTING CO., D/B/A HOMEDICS, INC ET AL
CASE NO. 306-CV-00127 (TMB) - PAGE 9 OF 9